Andrew L. Rempfer
Nevada Bar No. 8628
Jennifer D. Golanics
Nevada Bar No. 13687
LAW OFFICES OF STEVEN J. PARSONS
7201 W Lake Mead Blvd Ste 108
Las Vegas NV 89128-8354
(702) 384-9900
(702) 384-5900 (fax)
Andrew@SJPlawyer.com

Attorneys for Plaintiff
**PAUL LOPEZ**

1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| **PAUL LOPEZ**, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| v. | |

**CLARK COUNTY**, ex. rel. **CLARK COUNTY FIRE DEPARTMENT**, a political subdivision of the State of Nevada; **CLARK COUNTY FIRE FIGHTERS' LOCAL 1908,** an employee bargaining unit, a Nevada non-profit corporation; **EMPLOYEE(S) AGENT DOES I through V**, inclusive; and **ROE ENTITIES I through V**, inclusive; **SUSAN VINCENT,** an individual; **DR. SUSAN VINCENT**, a Nevada limited liability company,

Defendants.

_____/

1. Invasion of Privacy (Intrusion Upon Seclusion & Unreasonable Publicity of Private Facts);
2. Negligence & Negligence Per Se (Violation of N.R.S. § 449.720)
3. Defamation & Defamation Per Se;
4. Intentional Interference with Existing Contractual Relations;
5. Intentional Misrepresentation;
6. Intentional Infliction of Emotional Distress;
7. FMLA Interference - 29 U.S.C. § 2615(a)(1);
8. Civil Conspiracy; and,
9. Declaratory Judgment - 28 U.S.C. § 2201

## JURY DEMAND

Plaintiff **PAUL LOPEZ** ("Lopez"), by and through his counselors of record, Andrew L. Rempfer, Esq., hereby files his Complaint against Defendants **CLARK COUNTY FIRE DEPARTMENT**, ex. rel., **CLARK COUNTY** ("Clark County" or the "County"); **SUSAN VINCENT**, an individual; **DR. SUSAN VINCENT**, and **CLARK COUNTY FIRE FIGHTERS' LOCAL 1908**, as follows:

. . .

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
Andrew@SJPlawyer.com

Page 1 of 24

## THE PARTIES

1. Lopez was, at all relevant times, a resident of Clark County, Nevada.

2. Lopez is currently employed by the Clark County Fire Department ("CCFD"). Lopez is generally employed as a fire fighter and, specifically, an "Engineer". Lopez is a local government employee, as defined by N.R.S. § 288.050.

3. Lopez is also a member of Clark County Fire Fighters Local Union 1908 ("Local 1908").

4. Local 1908 is a Nevada non-profit corporation which, pursuant to N.R.S. § 288 et. seq. is obliged to act as Lopez's exclusive bargaining agent.

5. Clark County is a local government employer, as that phrase is defined by N.R.S. § 288.060.

6. Defendant Susan Vincent was, upon information and belief, at all relevant times, a resident of Clark County, Nevada.

7. Defendant Dr. Susan Vincent, L.L.C. was, at all relevant times, a Nevada limited liability company providing "medical services", as that phrase is defined by N.R.S. § 449.0151.

JURISDICTION AND VENUE

8. This action is brought pursuant to the Family Medical Leave Act, 29 U.S.C. § 2615(a)(1) as well as the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

9. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331.

10. This action also arises out of claims from Nevada statutes, such as N.R.S. § 449.720, as well as claims arising under the common law of the State of Nevada. These claims are so related to the claims in the action within the original jurisdiction of this Court that they form part of the same case or controversy under Article III of the United States Constitution. As such, these claims are properly within the Court's jurisdiction pursuant to 28 U.S.C. § 1367(a).

### LOPEZ'S 22 YEAR EMPLOYMENT WITH CLARK COUNTY FIRE DEPARTMENT

11. CCFD is the largest paid fire department in Nevada.

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Andrew@SJPlawyer.com*

Page 2 of  24

12.     CCFD is responsible for protecting the Las Vegas Strip, the largest part of the Las Vegas Valley spanning 293 square miles, and a county the size of New Jersey at 7,790 square miles. CCFD also provides services to the resort townships of Laughlin, Primm, and Jean, Nevada.

13.     CCFD responded to 143,263 incidents in 2013 - 2, 843 fires, 132, 963 medical calls, and 7,466 other calls.

14.     CCFD has 29 full-time fire stations maintained by 706 personnel, including 639 suppression personnel and 67 authorized support staff positions.

15.     CCFD also oversees the state of Nevada's largest volunteer force, with nearly 180 volunteers.

16.     CCFD is currently led by Chief Gregory Cassell.

17.     CCFD provides:

    a.     Urban fire services;

    b.     Rural fire services;

    c.     Aircraft rescue fire fighting services;

    d.     Emergency medical services, including basic, intermediate, and advanced life support (paramedic);

    e.     Emergency management;

    f.     Urban search and rescue team;

    g.     Fire prevention;

    h.     Fire investigation;

    i.     Disaster and emergency preparedness; and,

    j.     Public education.

18.     CCFD hired Lopez in 1993. Lopez has, at all relevant times, worked for CCFD as, generally, a firefighter. Lopez is currently employed as an "Engineer". Lopez earns $29 per hour, exclusive of health, dental, sick, vacation, and other perquisites. He generally worked a 56-hour workweek at Station 11, 5150 S. Las Vegas Blvd., Las Vegas, NV 89119.

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Andrew@SJPlawyer.com*

Page 3 of  24

19.     Lopez has, generally, worked for CCFD without any negative performance issues until, in October 2015, as discussed below, CCFD attempted to discipline Lopez.

### CCFD'S PRETEXTUAL DISCIPLINE OF LOPEZ TO FORCE HIM OUT OF WORK

20.     On October 4, 2015, Lopez was ordered to attend a meeting with his supervisor, Captain Sal Solis. At the meeting, Solis attempted to reprimand Lopez for unspecified instances of misconduct "over the past few [work] cycles."

21.     Lopez demanded Solis specify the exact conduct of which Lopez was accused of violation. Solis was incapable of specifically identifying any instances of misconduct Lopez committed.

22.     Lopez, upset that Solis was trying to implement discipline without any substantiation, refused to sit down upon being commanded to sit by Solis.

23.     Solis initiated a second disciplinary action against Lopez for refusing to sit down during the meeting.

### THE COUNTY ORDERS LOPEZ TO A MEDICAL EVALUATION WITH DR. SUSAN VINCENT

24.     On October 6, 2015, the County relieved Lopez of duty.

25.     Also on October 6, 2015, Clark County Workers Compensation Coordinator Sandra Swickard emailed Lopez and told him he must attend an appointment to visit Dr. Susan Vincent on October 8, 2015 through October 9, 2015.

26.     The County retained Dr. Vincent to evaluate whether Lopez was 'fit for duty'.

27.     Upon information and belief, the County and Dr. Vincent have a prior business relationship of working together to disqualify employees who are otherwise fit to work from actually working.

28.     Lopez did not have the discretion to decide which medical provider would certify he was fit for duty pursuant to 29 C.F.R. § 825.313.

29.     Upon information and belief, the County does not have a "uniformly applied policy for similarly situated employees" to gauge whether those employees are fit for duty, as required by 29 C.F.R. § 825.313.

Law Offices of Steven J. Parsons
7201 W. Lake Mead Blvd., Ste. 108
Las Vegas, Nevada 89128-8354
(702)384-9900; fax (702)384-5900
Andrew@SJPlawyer.com
Page 4 of  24

1    **LOPEZ ATTENDS AN EXAMINATION WITH DR. VINCENT AT THE COUNTY'S INSISTENCE**

2      30. Lopez first visited Dr. Susan Vincent on October 8, 2015.

3      31. Upon arriving at Dr. Vincent's medical offices, Lopez was presented with Health

4    Insurance Portability and Accountability Act medical releases ("HIPAA releases") to sign.

5      32. Lopez did not sign a HIPAA release which would have authorized Dr. Vincent to

6    release his medical records to Clark County.

7      33. Upon information and belief, Dr. Vincent, or someone in her employ, falsified

8    the HIPAA releases Lopez signed at Dr. Vincent's office by recreating an image of Lopez's

9    signature on several HIPAA releases.

10     34. Dr. Vincent drafted a "confidential" "psychological fitness for duty evaluation"

11   ("FDE") regarding Lopez.

12     35. The FDE Dr. Vincent drafted contains private health information ("PHI") regarding

13   Lopez.

14     36. Lopez did not authorize Dr. Vincent to share the FDE with the County, i.e., the

15   Fire Department.

16     37. Nonetheless, Dr. Vincent concluded Lopez should be provided "modified duty

17   options".

18   **DR. VINCENT DEFAMES LOPEZ & INVADES HIS PRIVACY BY SHARING THE FDE WITH THE**

19   **COUNTY**

20     38. The FDE contains defamatory statements regarding, among other things, Lopez's

21   personal life, his physical, and mental, well-being.

22     39. The County relied upon the FDE to continue suspending Lopez from working,

23   effective October 16, 2015.

24   **OCTOBER 16, 2015 - FIRE CHIEF GREG CASSELL INSISTS LOPEZ MUST SUBMIT TO**

25   **TREATMENT WITH DR. VINCENT, WHO MUST OVERSEE LOPEZ'S MEDICAL TREATMENT**

26   **WITH ANY OTHER DOCTOR BEFORE LOPEZ MAY RETURN TO WORK**

27     40. On October 16, 2015, Lopez had a call with Clark County Fire Chief Greg

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Andrew@SJPlawyer.com*

Page 5 of  24

1    Cassell.

2        41.    On the call were, among others, Nels Eastgard, and Ryan Beaman, of Local

3    1908. Fire Chief Cassell included Eastgard on the call without Lopez's prior approval.

4        42.    After the call, Fire Chief Cassell reiterated the "talking points" he had discussed

5    with Lopez as the conditions of his return to work. Fire Chief Cassell's 'talking points' appear

6    below:

7    
**Gregory Cassell** <gcassell@clarkcountynv.gov>                                Fri, Oct 16, 2015 at 10:53 AM
To: "plo5.sta11@gmail.com" <plo5.sta11@gmail.com>
8    Cc: Christina Ramos <CRamos@clarkcountynv.gov>, Sandra Swickard <Sandra.Swickard@clarkcountynv.gov>, Ryan
Beaman <rbeaman@clarkcountynv.gov>, Nels Eastgard <eastgard@clarkcountynv.gov>

9    
Paul,

10   

11   Here are the talking points we discussed on our phone call this morning.

12   
   • The goal of CCFD, Local 1908 and county management is to make sure you are well and healthy in your
13     personal life.  I assure you there is no other agenda for any of us.
   • Given Dr. Vincent's determination, CCFD Admin, Local 1908 and county management have come to an
      agreement that the following path be followed:
14       ○ You need to utilize your medical insurance and their provider list to find a mental health physician with
           whom you can seek assistance regarding the issues identified in your previous evaluation by Dr.
           Vincent.
15       ○ You then need to follow the treatment plan identified by that Dr.
         ○ When that Dr. feels that you have progressed to a point that you are ready to return to duty as a fire
16          engineer, you will be revaluated by Dr. Vincent.
         ○ Dr. Vincent will be the one who signs your return to full duty release.
         ○ There is no anticipated time frame for this process as long as you are compliant with the Dr.'s prescribed
17          treatment plan.
   • Beginning Monday you will be utilizing FMLA/Sick hours.
18   • There are no light duty assignments allowed for non-industrial injuries/illnesses.
   • If your allotted FMLA hours run out prior to your return to duty status being declared, you will then began using
19     regular sick hours.  To keep having sick leave hours approved you will need to provide a note from your Dr.
      stating that you are still undergoing care as prescribed.  These notes will be required every two weeks.
   • We want to reiterate to you that our sole interest in this process is to allow you the time and treatment needed
20     to get you back to work as a CCFD fire engineer.
   • We encourage you to follow the outline we have provided for you.

21   
Regards,

22   

23   

24   **Greg Cassell**

25   **Fire Chief**

26   Clark County Fire Department

27       43.    Attached as **"Exhibit 1"** is a true and accurate copy of Chief Cassell's email.

44.     Lopez did not authorize the County - acting through its Fire Chief - to share these details of his private health information with Local 1908's representatives, Eastgard, and Ryan Beaman, President of Local 1908.

45.     Upon information and belief, the County discussed Lopez's private health information with Local 1908, before initiating the call with Lopez.

46.     Upon information and belief, Local 1908 and the County - specifically Lopez's fire station Captain Solis and the Local 1908 President Ryan Beaman, discussed Lopez's private health information, which the County received from Dr. Vincent, and used that information to design a plan to remove, and eventually terminate, Lopez's employment with the County.

47.     Beaman and Solis are longtime friends; Solis was once Beaman's Captain.

OCTOBER 19, 2015 - THE COUNTY FORCES LOPEZ ONTO FMLA AND AGAIN INVADES
HIS PRIVACY BY SHARING HIS PHI WITH LOCAL 1908

48.     On October 19, 2015, Lopez received an email from Sandra Swickard.

49.     Swickard copied on the email 'Nels Eastgard' who, upon information and belief, was acting in his capacity as a representative of International Association of Fire Fighters Local 1908.

50.     Swickard's October 19, 2015 email contains PHI regarding Lopez, particularly whether he needed "therapy" pursuant to the County's "EAP", i.e., the Employee Assistance Program.

51.     Swickard did not have Lopez's authorization to share his PHI with Eastgard or Local 1908.

52.     In fact, Clark County Fire Department's Rules and Regulations, Section 2, Item No. 21, dated February 1, 2011 state, at paragraph 9, "all documentation related to the employee's . . . medical condition shall be held in strict confidence . . ."

53.     From October 19, 2015 through November 5, 2015, Swickard and Lopez exchanged emails regarding the amount of FMLA leave hours Lopez had available to him.

Law Offices of Steven J. Parsons
7201 W. Lake Mead Blvd., Ste. 108
Las Vegas, Nevada 89128-8354
(702)384-9900; fax (702)384-5900
Andrew@SJPlawyer.com
                                        Page 7 of 24

1    54.    At no time in that period, however, did Lopez ever apply for family medical leave

2    pursuant to the FMLA.

3    55.    Lopez learned, however, the County had placed Lopez on FMLA, effective

4    October 16, 2015.

5    56.    On November 5, 2015, when Lopez learned - for the first time - the County

6    arbitrarily placed him on FMLA, he immediately wrote Swickard to note his attorney would

7    address the issue.

8    57.    Swickard then responded, as follows:

9    _____

10   Sandra Swickard <Sandra.Swickard@clarkcountynv.gov>          Mon, Nov 9, 2015 at 1:42 PM
     To: Paul Lopez <plo5.sta11@gmail.com>

11

12   At no time did anyone force FMLA on you.   You were advised that we would place you on FMLA based on Dr.
     Vincent's report.  You did not express orally or in writing that you did not want to use FMLA for the time that you are off

13   work seeking medical care.

14   In fact your emails suggest to me that you were waiting for your confirmation of FMLA benefits.

15   Given this statement that you were, forced to use FMLA, if you do not wish to have your time coded FMLA, please
     send a confirming statement to this in writing.

16   Attached is a formal letter outlining this information.

17   Thank you,

18   Sandra Swickard.

19   58.    Attached as **"Exhibit 2"** is a true and accurate copy of this email.

20   <u>NOVEMBER 6, 2015 - THE COUNTY'S BI-POLAR STATEMENTS AS TO 'HOW' LOPEZ MAY</u>

21   <u>RETURN TO WORK</u>

22   59.    November 6, 2015, the County (through its employee, Swickard) sent Lopez a

23   letter discussing his employment status.

24   60.    Swickard began her letter by stating "We have received information that you have

25   been diagnosed with [sic] medical condition that meets the criteria of a serious medical

26   condition covered by the FMLA."

27   61.    Continuing, Swickard wrote "The medical reports indicate a medical need for

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Andrew@SJPlawyer.com*

Page 8 of  24

1   treatment, and we have been advised that you are undergoing a regime of treatment, including

2   medication that requires more than three days off work."

3       62.    At no time did Lopez receive medical treatment constitute a "regime of

4   treatment".

5       63.    Nor did Lopez take "medication that requires more than three days off work."

6       64.    That statement - "medication that requires more than three days off work" - is

7   inarticulate, and non-sensical.

8       65.    Swickard then wrote: "Given this information, your FMLA is approved effective

9   10/19/15 and will continue through 12/26/15 . . . If you are recovered and are able to return

10  to work earlier than 12/26/15, please notify our office immediately."

11      66.    Swickard closed her letter by stating as follows:

12  4) Leave Verification

13
14  You are required to contact your department head or designee within two weeks prior to your scheduled
    return date. **Further, pursuant to 29 CFR §825.313 Fitness for duty certification.** The employee

15  must provide medical certification, at the time the employee seeks reinstatement at the end of FMLA
    leave taken for the employee's serious health condition, that the employee is fit for duty and able to

16  return to work.

17
    If you have any questions regarding the information contained in this letter, please contact me at 455-
18  5524.

19  Sincerely,

20

21
    Sandra Swickard
22  WC Coordinator

23
    cc:        FMLA File
24

25      67.    A true and accurate copy of this letter is attached as **"Exhibit 3"**.

26      68.    According to Swickard's closing paragraph, Lopez could meet with any medical

27  provider he chose to obtain a "fitness for duty certification" to return to work.

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Andrew@SJPlawyer.com*

Page 9 of  24

69.     In other words, contrary to Fire Chief Cassell's October 16, 2015 statement that Lopez must be evaluated by Dr. Vincent - after meeting with any provider Lopez chose - Swickard stated Lopez only needed to obtain a fitness for duty certification from any doctor he chose.

### DECEMBER 7, 2015 - FIRE CHIEF CASSELL ADMITS THE COUNTY & LOCAL 1908 WORKED TOGETHER IN A "UNIQUE SITUATION" TO FORCE LOPEZ TO FOLLOW DR. VINCENT'S 'REGIME' TO RETURN TO WORK

70.     On December 7, 2015, through counsel, Lopez contacted Fire Chief Cassell to ascertain 'how' Lopez could return to work.

71.     Fire Chief Cassell did not confirm the measures listed by Swickard in her November 6, 2015 email should be followed so Lopez could return to work.

72.     Instead, Fire Chief Cassell referred Lopez to follow the treatment regime he - Chief Cassell - detailed in his October 16, 2015 email to Lopez. In that email, Fire Chief Cassell insisted Dr. Vincent oversee all treatment and approve it. Fire Chief Cassell's email follows:

73.

**Subject:** Re: Lopez/Clark County Fire Department
**Date:** Tuesday, December 8, 2015 at 4:23:59 AM Pacific Standard Time
**From:** Gregory Cassell
**To:** Andrew Rempfer
**CC:** Sandra Swickard, Ryan Beaman, Nels Eastgard, Christina Ramos, Paul Lopez

Good Morning Mr. Rempfer.

Working together in a unique situation, CCFD Administration and Local 1908 developed a plan that would allow Mr. Lopez the opportunity to seek assistance and return to work via a scripted plan. I am sure Mr. Lopez has the ability to provided you with that plan.

To my knowledge, I am not aware that Mr. Lopez has completed the scripted plan. If he has, please provide us with that information.

I assure you that all of us want Mr. Lopez to return to work in a healthy and fit manner.

With that said, I believe you are asking that his designated FMLA be changed to sick leave. I will inquire about that as I do not know the details of FMLA at that level. I will also ask those in Risk Management to send you the item(s) you requested.

With regard to his sick hours, those are not going to be reinstated.

If Mr. Lopez needs further assistance from either CCFD and/or Local 1908 in completing the scripted plan we encourage him to ask.

Regards,

Greg Cassell
Fire Chief
Clark County Fire Dept.

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Andrew@SJPlawyer.com*
                                        Page 10 of  24

74. Attached as **"Exhibit 4"** is a true and accurate copy of this email.

75. Fire Chief Cassell admitted - in his opening paragraph - the Union and Local 1908 had, without Lopez's prior approval, devised a plan to return him to work. Lopez never agreed to the parameters of that plan the County and Local 1908 'negotiated' without his authorization. Namely, Lopez never agreed to a treatment regime, at all, nor one supervised by the County, and Local 1908's, chosen medical provider: Dr. Vincent.

76. The preceding proves the County, Local 1908, and Dr. Vincent, have conspired to defame Lopez, deprive him his rights to fair representation, and dislodge him of his vested benefits under the collective bargaining agreement, federal, and Nevada law.

**JANUARY 14, 2016 THE COUNTY ONCE MORE SHIFTS ITS POSITION AS TO 'HOW' LOPEZ MAY RETURN TO WORK - REAFFIRMING THAT LOPEZ MUST ABIDE BY THE OCTOBER 16, 2015 REQUIREMENTS CHIEF CASSELL DEMANDED, WHICH WERE SUPERVISED BY DR. VINCENT**

77. On January 14, 2016, Fire Chief Cassell again wrote Lopez.

78. In the letter, Fire Chief Cassell admits the County scheduled Lopez to meet with Dr. Vincent, i.e., Lopez had no choice but to meet with Dr. Vincent, at the County's demand.

79. In the letter, Fire Chief Cassell further admits he received a copy of Dr. Vincent's FDE examination, he received Dr. Vincent's recommended treatment plan, and he emailed the plan to third parties.

80. Dr. Vincent did not have Lopez's authority to share his FDE exam with the County, including Fire Chief Cassell.

81. Fire Chief Cassell did not have Lopez's authority to share his FDE exam with third parties, i.e., Local 1908 which, upon information and belief, Fire Chief Cassell did, as he alluded to when he said he "emailed" the "plan to Mr. Lopez shortly after the [October 16, 2015] conference call", on which Local 1908 representatives were included on the call, and the subsequent email.

82. Nonetheless, in his January 14, 2016 letter, Fire Chief Cassell reaffirmed

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Andrew@SJPlawyer.com*

Page 11 of  24

1   his commitment to insisting Lopez follow the original plan laid-out for him on October 16,

2   2015. Fire Chief Cassell wrote:

3   CCFD would require Mr. Lopez to provide a certificate of illness (COI) from his licensed medical provider. The COI should state he is participating in the process as initially

4   recommended by Dr. Vincent. While the applicable language of the collective bargaining agreement (CBA) governing COI's is quite structured for all members of the Local 1908

5   bargaining unit, the circumstances of this matter prompted me to allow Mr. Lopez flexibility. I would only require a COI every two (2) weeks, rather than upon each absence. Again, my intent

6   is to provide a process which allows Mr. Lopez to return to work. I am informed that when an employee elects to waive FMLA protections, the employee's absence(s) is/are subject to terms of

7   the employer's policies and applicable CBA language including its corresponding progressive discipline configuration.

8   Based upon the action plan provided to the CCFD from Risk Management upon disclosure from Dr. Vincent, and the declination of FMLA by Mr. Lopez, your client must provide the first COI

9   from the licensed medical provider he chooses through Local 1908's Behavioral Health Options (BHO) provider listing on or before January 22, 2016. Again, the COI must demonstrate Mr.

10  Lopez's participation in the action plan recommended by Dr. Vincent. Please let me know if you need a copy of the above-referenced action plan. As I stated to your client from the outset, and in

11  my December 8, 2015 email to you, CCFD's sole and primary objective is to allow Mr. Lopez the necessary time and opportunity to obtain the treatment as recommended so that he can be

12  released and certified fit for his fire engineer duties.

13  The action plan communicated to Mr. Lopez and provided to him last October remains unchanged and is the plan by which your client should participate in order to return to work. I

14  am informed that Mr. Lopez may not wish to have a return evaluation from Dr. Vincent. It is my understanding that the County would consider making alternate provider arrangements on his

15  behalf. Should you have any further questions or require additional clarifications, please e-mail District Attorney Carolyn Campbell at Carolyn.campbell@clarkcountyda.com.

16  Sincerely,

17  [signature] Greg Cassell

Greg Cassell

18

19      83.    Attached as **"Exhibit 5"** is a true and accurate copy of this letter.

20      84.    County sent this letter via regular mail, certified mail, and email. The County's

21  email stated, however, it 'copied' Local 1908 on the letter it emailed to Lopez's counsel.

22      85.    The County was not authorized by Lopez to copy Local 1908 on any

23  communications regarding Lopez's PHI.

24  <u>JANUARY 20, 2016 - THE COUNTY AGAIN CHANGES ITS MIND, THIS TIME ALLOWING</u>

25  <u>LOPEZ TO OBTAIN A MEDICAL RELEASE FROM ANY PROVIDER OTHER THAN DR. VINCENT</u>

26      86.    Between December 7, 2015 and January 15, 2016, Lopez's counsel exchanged

27  several correspondences with the County regarding Lopez's perception the County had been

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Andrew@SJPlawyer.com*

Page 12 of  24

1 setting shifting targets as to 'how' Lopez could return to work, though Lopez refuted any of

2 those obligations were legally required.

3     87.    Nonetheless, on January 20, 2016, the County responded as follows through

4 its counsel:

5 Dear Mr. Rempfer:

6       After consultation with my client, the Department has agreed to extend the time by which
Mr. Lopez must provide a COI. Specifically, the Department will expect the COI on or before

7 January 29, 2016. Chief Cassell stated that the County would consider making alternate
arrangements for Mr. Lopez should he decline to be seen by Dr. Vincent. If Mr. Lopez wishes to

8 see another health care provider, please contact Sandra Swickard in the County's Risk
Management office. Let me know if you need her contact information. Finally, please

9 understand that Mr. Lopez may return to work after he provides a certificate of fitness from a
state licensed health care provider in the same area of practice as Dr. Vincent. I will respond to

10 your other assertions after I have time to review them.

11                 Sincerely,

                STEVEN B. WOLFSON
12                 DISTRICT ATTORNEY

13                 BY:

14                 CAROLYN C. CAMPBELL
                Deputy District Attorney

15                 Carolyn.Campbell@ClarkCountyDA.com
CCC:ab

16 cc:   Sandra Swickard, Risk Management

17     88.    Attached as **"Exhibit 6"** is a true and accurate copy of this letter.

18     89.    Lopez has insisted his sick leave, family medical leave, and all other benefits be

19 restored as a result of Defendants' illegal actions.

20     90.    Defendants have refused to respond to Lopez's requests.

21                    <u>FIRST CLAIM FOR RELIEF</u>

22   **(Invasion of Privacy: Intrusion Upon Seclusion & Unreasonable Publicity of Private Facts -**

23              **As to Defendants Clark County and Vincent)**

24     91.    Lopez repeats and realleges each allegation above as if fully set forth herein.

25     92.    Lopez met with Dr. Vincent on October 8, 2015.

26     93.    Lopez did not sign an authorization permitting Dr. Vincent to share the results

27 of her FDE with the County.

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Andrew@SJPlawyer.com*

Page 13 of 24

94.     The FDE contains highly sensitive personally private facts regarding Lopez to which the County - Lopez's employer - was not entitled even if it had the authority (which Lopez denies) to require him to obtain a fitness for duty examination.

95.     Dr. Vincent in fact shared an un-redacted, complete copy of the FDE with the County.

96.     The County subsequently shared private facts regarding the FDE with third parties, i.e., Local 1908, without Lopez's consent.

97.     Defendants intentionally intruded upon Lopez's seclusion by sharing the highly confidential information contained in the FDE regarding Lopez.

98.     Any reasonable person would be highly offended if private details of their life such as those included in the FDE were shared with their employer or their union representatives, especially so without prior authorization. Defendants' acts were intended to intrude upon Lopez's solitude, privacy, and physical and mental well-being.

99.     As a result of Defendants' actions, Lopez has suffered damages in excess of ten thousand dollars ($10,000).

100.    Defendants' conduct was carried on with willful and conscious disregard for Lopez's rights. Defendants' conduct constitutes malice, oppression, intentional misrepresentation, deceit, concealment of material facts done with the intention, implied or in fact, to deprive Lopez of his legal rights. Defendants' conduct was designed to oppress, injure, or constitutes malice or fraud within Nev. Rev. Stat. 42.005. Upon Defendants' wrongful conduct, as alleged herein, Lopez is entitled punitive or exemplary damages in an amount appropriate to punish or deter Defendants' from future similar acts, or to make an example of Defendants' to deter others from similar conduct.

101.    As a further proximate result of Defendants' acts, Lopez was compelled to retain legal counsel. Defendants are liable to Lopez for attorney's fees and costs reasonably necessary and incurred by Lopez, in a sum to be determined at the time of trial.

. . .

Law Offices of Steven J. Parsons
7201 W. Lake Mead Blvd., Ste. 108
Las Vegas, Nevada 89128-8354
(702)384-9900; fax (702)384-5900
Andrew@SJPlawyer.com

Page 14 of  24

**SECOND CLAIM FOR RELIEF**

**(Negligence & Negligence Per Se - Violation of N.R.S. §§ 641.023 & 641.024 - As to Defendant Vincent)**

102.    Lopez repeats and realleges each allegation above as if fully set forth herein.

103.    N.R.S. §§ 614.023 and 614.024 impose a duty of care upon Defendant Dr. Vincent, a psychologist, to avoid, respectively, committing either gross malpractice or malpractice.

104.    Lopez, as Dr. Vincent's patient, is an individual whom those statutes intend to protect.

105.    Dr. Vincent breached her duty under those statutes by, among other things, failing to procure a lawful authorization permitting her to share Lopez's FDE with Defendant Clark County.

106.    As a result of Defendant Vincent's illegal acts, Lopez suffered damages: namely the disqualification to return to work, which subsequently damaged Lopez personally, physically, emotionally, and financially.

107.    As a result of Defendant Vincent's actions, Lopez has suffered damages in excess of ten thousand dollars ($10,000).

108.    Defendant Vincent's conduct was carried on with willful and conscious disregard for Lopez's rights. Defendant Vincent's conduct constitutes malice, oppression, intentional misrepresentation, deceit, concealment of material facts done with the intention, implied or in fact, to deprive Lopez of his legal rights. Defendant Vincent's conduct was designed to oppress, injure, or constitutes malice or fraud within Nev. Rev. Stat. 42.005. Upon Defendant Vincent's wrongful conduct, as alleged herein, Lopez is entitled punitive or exemplary damages in an amount appropriate to punish or deter Defendant Vincent's from future similar acts, or to make an example of Defendant Vincent's to deter others from similar conduct.

109.    As a further proximate result of Defendant Vincent's acts, Lopez was compelled to retain legal counsel. Defendant Vincent's is liable to Lopez for attorney's fees and costs

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Andrew@SJPlawyer.com*

Page 15 of  24

1    reasonably necessary and incurred by Lopez, in a sum to be determined at the time of trial.

2    <u>**THIRD CLAIM FOR RELIEF**</u>

3    **(Defamation & Defamation Per Se - As to Defendants Vincent and Clark County)**

4    110.    Lopez repeats and realleges each allegation above as if fully set forth herein.

5    111.    Defendants made false and defamatory statements regarding Lopez to third

6    parties.

7    112.    Defendants' statements were not privileged.

8    113.    Defendant Vincent made false statements when she published, i.e., provided

9    to the County, an un-redacted, inaccurate copy of Lopez's FDE.

10    114.    The County made false statements when it published, in various communications

11    with Local 1908, including emails, phone calls, and letters, statements regarding Lopez's

12    physical and mental health.

13    115.    Upon information and belief, the County also provided a copy of the FDE to Local

14    1908 without Lopez's permission.

15    116.    Defendants - all of them - were negligent in making these statements, which

16    concerned Lopez's professional reputation as a fire fighter.

17    117.    As a result of Defendants' actions, Lopez has suffered damages in excess of ten

18    thousand dollars ($10,000).

19    118.    Defendants' conduct was carried on with willful and conscious disregard for

20    Lopez's rights. Defendants' conduct constitutes malice, oppression, intentional

21    misrepresentation, deceit, concealment of material facts done with the intention, implied or

22    in fact, to deprive Lopez of his legal rights. Defendants' conduct was designed to oppress,

23    injure, or constitutes malice or fraud within Nev. Rev. Stat. 42.005. Upon Defendants'

24    wrongful conduct, as alleged herein, Lopez is entitled punitive or exemplary damages in an

25    amount appropriate to punish or deter Defendants' from future similar acts, or to make an

26    example of Defendants' to deter others from similar conduct.

27    119.    As a further proximate result of Defendants' acts, Lopez was compelled to retain

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Andrew@SJPlawyer.com*

Page 16 of  24

1    legal counsel. Defendants are liable to Lopez for attorney's fees and costs reasonably

2    necessary and incurred by Lopez, in a sum to be determined at the time of trial.

3    FOURTH CLAIM FOR RELIEF

4    (Intentional Interference With Existing Contractual Relations - As to Defendants Vincent & Local

5    1908)

6        120.    Lopez repeats and realleges each allegation above as if fully set forth herein.

7        121.    Defendants - all of them - knew Lopez had a valid, binding agreement with Clark

8    County - the collective bargaining agreement - regarding Lopez's employment.

9        122.    Defendant Vincent knew of, or reasonably should have known of, Lopez's existing

10    contractual relations with Clark County.

11        123.    Defendant Local 1908 knew of, or reasonably should have known of, Lopez's

12    existing contractual relations with Clark County.

13        124.    Defendant Vincent committed acts intended or designed to interrupt Lopez's

14    contractual relations with Clark County when she illegally remitted Lopez's FDE to the County.

15        125.    Defendant Vincent knew - or reasonably should have known - the result of

16    releasing the FDE to Clark County would have resulted in Lopez being unable to work a

17    complete schedule.

18        126.    Upon information and belief, Local 1908 interfered with Lopez's contract with

19    Clark County when Local 1908's representatives - either Ryan Beaman or Nels Eastgard -

20    conspired with Clark County to concoct a scheme to deprive Lopez from working full duty.

21    Indeed, Fire Chief Cassell's December 8, 2015 email, wherein he states "working together in

22    a unique situation, CCFD Administration and Local 1908 developed a plan . . .", as shown in

23    **Exhibit "4"**, attached.

24        127.    Local 1908 knew - or reasonably should have known - its attempts to 'work with'

25    Clark County Fire Department Administration would have - and did - deprive Lopez the

26    contractual benefits he is owed pursuant to the collective bargaining agreement.

27        128.    As a result of Defendants' actions, Lopez has suffered damages in excess of ten

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Andrew@SJPlawyer.com*

Page 17 of  24

1    thousand dollars ($10,000).

2       129.   Defendants' conduct was carried on with willful and conscious disregard for

3   Lopez's rights. Defendants' conduct constitutes malice, oppression, intentional

4   misrepresentation, deceit, concealment of material facts done with the intention, implied or

5   in fact, to deprive Lopez of his legal rights. Defendants' conduct was designed to oppress,

6   injure, or constitutes malice or fraud within Nev. Rev. Stat. 42.005. Upon Defendants'

7   wrongful conduct, as alleged herein, Lopez is entitled punitive or exemplary damages in an

8   amount appropriate to punish or deter Defendants' from future similar acts, or to make an

9   example of Defendants' to deter others from similar conduct.

10       130.   As a further proximate result of Defendants' acts, Lopez was compelled to retain

11   legal counsel. Defendants are liable to Lopez for attorney's fees and costs reasonably

12   necessary and incurred by Lopez, in a sum to be determined at the time of trial.

13                        <u>FIFTH CLAIM FOR RELIEF</u>

14            **(Intentional Misrepresentation - As to Defendant Vincent)**

15       131.   Lopez repeats and realleges each allegation above as if fully set forth herein.

16       132.   Defendant Vincent falsely represented she obtained an authorization permitting

17   her to release Lopez's private health information to Clark County.

18       133.   Defendant Vincent knew, or reasonably should have known, her representations

19   were false. Alternatively, Dr. Vincent acted with reckless disregard as to the falsity of her

20   representations.

21       134.   Defendant Clark County admitted it did not have an authorization from Dr.

22   Vincent permitting Clark County to have a copy of Lopez's FDE.

23       135.   Defendant Vincent in fact provided a copy of the FDE to Defendant Clark County.

24

25       136.   As a result of Defendant Vincent's illegal acts, Lopez suffered damages: namely

26   the disqualification to return to work, which subsequently damaged Lopez personally,

27   physically, emotionally, and financially.

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Andrew@SJPlawyer.com*

Page 18 of 24

137.   As a result of Defendant Vincent's actions, Lopez has suffered damages in excess of ten thousand dollars ($10,000).

138.   Defendant Vincent's conduct was carried on with willful and conscious disregard for Lopez's rights. Defendant Vincent's conduct constitutes malice, oppression, intentional misrepresentation, deceit, concealment of material facts done with the intention, implied or in fact, to deprive Lopez of his legal rights. Defendant Vincent's conduct was designed to oppress, injure, or constitutes malice or fraud within Nev. Rev. Stat. 42.005. Upon Defendant Vincent's wrongful conduct, as alleged herein, Lopez is entitled punitive or exemplary damages in an amount appropriate to punish or deter Defendant Vincent's from future similar acts, or to make an example of Defendant Vincent's to deter others from similar conduct.

139.   As a further proximate result of Defendant Vincent's acts, Lopez was compelled to retain legal counsel. Defendant Vincent's is liable to Lopez for attorney's fees and costs reasonably necessary and incurred by Lopez, in a sum to be determined at the time of trial.

### SIXTH CLAIM FOR RELIEF

#### (Intentional Infliction of Emotional Distress - As to All Defendants)

140.   Lopez repeats and realleges each allegation above as if fully set forth herein.

141.   Defendants committed extreme and outrageous conduct with the intent to, or reckless disregard for, causing Lopez emotional distress in numerous ways, including, but not limited to:

a.   As it relates to the County and Local 1908, conspiring together - vis-à-vis, upon information and belief Captain Solis and Local 1908 President Beaman, and as it relates to the County, trying to discipline Lopez under false pretenses;

b.   As it relates to the County, disciplining Lopez for pretextual reasons;

c.   As it relates to the County, forcing him to attend a fitness for duty exam;

d.   As it relates to Defendant Vincent, releasing Lopez's FDE to the County;

e.   As it relates to the County and Defendant Vincent, conspiring with Defendant Vincent to obtain an un-redacted copy of Lopez's FDE;

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Andrew@SJPlawyer.com*

Page 19 of  24

1         f.      As it relates to the County, sharing the results of the FDE with

2  third-parties, i.e., Local 1908;

3         g.      As it relates to Local 1908, working with the County to deprive Lopez of

4  his contractual benefits and protections;

5         h.      As it relates to the County, forcing Lopez to satisfy shifting requirements

6  to return to work when, in fact, Lopez should have never been forced out of work, much less

7  be required to obtain a fitness for duty from a physician;

8         i.      As it relates to the County, insisting Lopez's medical treatment be

9  supervised by Dr. Vincent;

10         j.      As it relates to the County, later reneging on the insistence Dr. Vincent

11  supervise Lopez's return to work but, still requiring Lopez to obtain a fitness for duty certificate;

12         k.      As it relates to the County, forcing Lopez to utilize FMLA, sick leave

13  benefits, and accrued paid leave to pay for the time Defendants illegally forced Lopez out of

14  work;

15         l.      The preceding are just a few examples of Defendants' extreme, and

16  outrageous conduct.

17     142.   As a result of Defendants' actions, Lopez has suffered damages in excess of ten

18  thousand dollars ($10,000).

19     143.   Defendants' conduct was carried on with willful and conscious disregard for

20  Lopez's rights. Defendants' conduct constitutes malice, oppression, intentional

21  misrepresentation, deceit, concealment of material facts done with the intention, implied or

22  in fact, to deprive Lopez of his legal rights. Defendants' conduct was designed to oppress,

23  injure, or constitutes malice or fraud within Nev. Rev. Stat. 42.005. Upon Defendants'

24  wrongful conduct, as alleged herein, Lopez is entitled punitive or exemplary damages in an

25  amount appropriate to punish or deter Defendants' from future similar acts, or to make an

26  example of Defendants' to deter others from similar conduct.

27     144.   As a further proximate result of Defendants' acts, Lopez was compelled to retain

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Andrew@SJPlawyer.com*

Page 20 of  24

1   legal counsel. Defendants are liable to Lopez for attorney's fees and costs reasonably

2   necessary and incurred by Lopez, in a sum to be determined at the time of trial.

3   <u>SEVENTH CLAIM FOR RELIEF</u>

4   **(FMLA Interference - 29 U.S.C. § 2615(a)(1) - As to Defendant Clark County)**

5   145.   Lopez repeats and realleges each allegation above as if fully set forth herein.

6   146.   29 U.S.C. § 2615(a)(1) declares it "unlawful for any employer to interfere with,

7   restrain, or deny the existence of or the attempt to exercise" any right protected by the FMLA.

8   147.   Lopez did not elect FMLA; the County forced it upon him by default, as shown

9   by **Exhibits 1** through **6**, above, which are incorporated here by reference.

10   148.   The County's decision to force FMLA upon Lopez constitutes interference with

11   his FMLA rights, which he would not have otherwise exercised or exhausted but for Defendant's

12   illegal decision to force it upon him.

13   149.   As a result of Defendant's actions, Lopez has suffered damages in excess of ten

14   thousand dollars ($10,000).

15   150.   Defendant's conduct was carried on with willful and conscious disregard for

16   Lopez's rights. Defendant's conduct constitutes malice, oppression, intentional

17   misrepresentation, deceit, concealment of material facts done with the intention, implied or

18   in fact, to deprive Lopez of his legal rights. Defendant's conduct was designed to oppress,

19   injure, or constitutes malice or fraud within Nev. Rev. Stat. 42.005. Upon Defendant's

20   wrongful conduct, as alleged herein, Lopez is entitled punitive or exemplary damages in an

21   amount appropriate to punish or deter Defendant's from future similar acts, or to make an

22   example of Defendant's to deter others from similar conduct.

23   151.   As a further proximate result of Defendant's acts, Lopez was compelled to retain

24   legal counsel. Defendant is liable to Lopez for attorney's fees and costs reasonably necessary

25   and incurred by Lopez, in a sum to be determined at the time of trial.

26   <u>EIGHTH CLAIM FOR RELIEF</u>

27   **(Civil Conspiracy - As to All Defendants)**

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Andrew@SJPlawyer.com*

Page 21 of  24

152.   Lopez repeats and realleges each allegation above as if fully set forth herein.

153.   Defendants, acting in concert, attempted to harm Lopez. Among other ways, Defendants conspired to harm Lopez as follows:

a.   As it relates to the County and Local 1908, conspiring together - vis-à-vis, upon information and belief Captain Solis and Local 1908 President Beaman, and as it relates to the County, trying to discipline Lopez under false pretenses. Upon information and belief, based on Solis and Beaman's close relationship, they acted in concert to deprive Lopez of his legally protected rights;

b.   As it relates to Defendant Vincent, releasing Lopez's FDE to the County, based on Dr. Vincent's apparent relationship with the Fire Department;

c.   As it relates to the County and Defendant Vincent, conspiring with Defendant Vincent to obtain an un-redacted copy of Lopez's FDE;

d.   As it relates to the County, sharing the results of the FDE with third-parties, i.e., Local 1908;

e.   As it relates to Local 1908, working with the County to deprive Lopez of his contractual benefits and protections;

f.   As it relates to the County and Dr. Vincent, insisting Lopez's medical treatment be supervised by Dr. Vincent;

g.   The preceding are just a few examples of Defendants' conspiratorial conduct designed to harm Lopez.

154.   As a result of Defendants' actions, Lopez has suffered damages in excess of ten thousand dollars ($10,000).

155.   Defendants' conduct was carried on with willful and conscious disregard for Lopez's rights. Defendants' conduct constitutes malice, oppression, intentional misrepresentation, deceit, concealment of material facts done with the intention, implied or in fact, to deprive Lopez of his legal rights. Defendants' conduct was designed to oppress, injure, or constitutes malice or fraud within Nev. Rev. Stat. 42.005. Upon Defendants'

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Andrew@SJPlawyer.com*

Page 22 of  24

1  wrongful conduct, as alleged herein, Lopez is entitled punitive or exemplary damages in an

2  amount appropriate to punish or deter Defendants' from future similar acts, or to make an

3  example of Defendants' to deter others from similar conduct.

4        156.    As a further proximate result of Defendants' acts, Lopez was compelled to retain

5  legal counsel. Defendants are liable to Lopez for attorney's fees and costs reasonably

6  necessary and incurred by Lopez, in a sum to be determined at the time of trial.

7                                    <u>NINTH CLAIM FOR RELIEF</u>

8        **(Declaratory Relief Pursuant to 28 U.S.C. § 2201 - As to Defendant Clark County)**

9        157.    Lopez repeats and realleges each allegation above as if fully set forth herein.

10       158.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, Lopez is

11  entitled reinstatement, with all compensation, benefits, and any other perquisites, restored as

12  a result of Defendant Clark County's violation of Lopez's FMLA rights.

13       159.    Defendant's conduct was carried on with willful and conscious disregard for

14  Lopez's rights. Defendant's conduct constitutes malice, oppression, intentional

15  misrepresentation, deceit, concealment of material facts done with the intention, implied or

16  in fact, to deprive Lopez of his legal rights. Defendant's conduct was designed to oppress,

17  injure, or constitutes malice or fraud within Nev. Rev. Stat. 42.005. Upon Defendant's

18  wrongful conduct, as alleged herein, Lopez is entitled punitive or exemplary damages in an

19  amount appropriate to punish or deter Defendant's from future similar acts, or to make an

20  example of Defendant's to deter others from similar conduct.

21       160.    As a result of Defendant's actions, Lopez has suffered damages in excess of ten

22  thousand dollars ($10,000).

23       161.    As a further proximate result of Defendant's acts, Lopez was compelled to retain

24  legal counsel. Defendant is liable to Lopez for attorney's fees and costs reasonably necessary

25  and incurred by Lopez, in a sum to be determined at the time of trial.

26  . . .

27  . . .

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Andrew@SJPlawyer.com*

Page 23 of  24

1

## PRAYER FOR RELIEF

2      WHEREFORE, Lopez prays for relief as follows:

3      1.      For a trial by jury;

4      2.      For compensatory and punitive damages;

5      3.      Prejudgment interest;

6      4.      Reasonable attorneys' fees and costs; and

7      5.      Such other relief the Court deems just.

8

## JURY DEMAND

9      Pursuant to Fed. R. Civ. P. 37, the Seventh Amendment to the Constitution of the

10   United States, as well as Article 1, Section 3 of the Constitution of the State of Nevada, Lopez

11   hereby demands a jury trial for each of his claims for relief.

12      Dated: Tuesday, February 2, 2016.

13                                                     LAW OFFICES OF STEVEN J. PARSONS

14                                                     /s/ Andrew L. Rempfer
                                                       ANDREW L. REMPFER
15                                                     Nevada Bar No. 8628
                                                       JENNIFER D. GOLANICS
16                                                     Nevada Bar No. 13687

17                                                     Attorneys for Plaintiff
                                                       **PAUL LOPEZ**

18

19

20

21

22

23

24

25

26

27

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Andrew@SJPlawyer.com*

Page 24 of  24

EXHIBIT "1"

EXHIBIT "1"

# Fire Department

575 East Flamingo Road • Las Vegas NV 89119
(702) 455-7311 • Fax (702) 734-6111

**Greg Cassell, Fire Chief**
Erik Newman, Sr. Deputy Fire Chief
Kelly Blackmon, Deputy Fire Chief • Jon Klassen, Deputy Fire Chief
John Steinbeck, Deputy Fire Chief • Roy Session, Deputy Fire Chief • Jeff Buchanan, Deputy Fire Chief
*"Responding with Integrity – Serving with Compassion"*

January 14, 2016

Andrew L. Rempfer, Esq.
Law Offices of Steven J. Parsons
7201 W. Lake Mead Blvd., Ste. 108
Las Vegas, NV 89128-8354

RE: PAUL LOPEZ

Dear Mr. Rempfer,

I am responding to your December 7, 2015 and January 13, 2016 emails concerning Paul Lopez.
You asked that the County immediately and unconditionally reinstate Mr. Lopez. Understand it
has been and remains the intent of the County to get Mr. Lopez returned to the workplace.
Unfortunately, workplace incidents in which your client demonstrated inappropriate conduct
prompted my request that he obtain a certificate of fitness from a state licensed health care
provider. I postponed my option to commence disciplinary action for the inappropriate conduct,
so that it could be determined whether Mr. Lopez was able to perform the essential functions of
his position without restriction or limitation.

In accord with policy, Clark County's Risk Management Division, scheduled an October 8, 2015
appointment for Mr. Lopez with Susan L. Vincent, Ph.D. I am informed that Mr. Lopez attended
the appointment and while there, he signed a HIPAA form. Apparently Mr. Lopez specifically
designated "Sandra Swickard and Clark County" as recipients of the medical report(s) resulting
from the appointment with Dr. Vincent.

I was notified by a representative from Risk Management that Dr. Vincent concluded Mr. Lopez
was not fit for duty on October 14, 2015. Your client participated on a telephonic conference call
on October 16, 2015. During the call Mr. Lopez was informed of Dr. Vincent's recommended
treatment plan with the objective of getting him returned to work as a fire engineer. The plan was
also emailed to Mr. Lopez shortly after the conference call.

The County deemed the medical information received from Dr. Vincent as Family Medical
Leave Act ("FMLA") qualified. Shortly after and upon consultation with Risk Management, the
Clark County Fire Department ("CCFD") began coding Mr. Lopez's absences as FMLA
protected. That coding continued based on email communication between Mr. Lopez and Risk
Management; specifically Sandra Swickard between October 6 through November 29, 2015.

**BOARD OF COUNTY COMMISSIONERS**
STEVE SISOLAK, Chairman • LARRY BROWN, Vice Chairman
SUSAN BRAGER • TOM COLLINS • CHRIS GIUNCHIGLIANI • MARY BETH SCOW • LAWRENCE WEEKLY
DONALD G. BURNETTE, County Manager

Subsequently, your client exercised his right to affirmatively decline FMLA protection for his leave that began October 19, 2015. I am informed that Mr. Lopez's absences which had been designated, FMLA, have been reversed. We have not received information that Mr. Lopez has been released to return to work or certified fit for duty by a state licensed medical provider. If he has received such a release, please provide the release to our Risk Management Division, attention, Sandra Swickard. If Mr. Lopez does not have a release to return to work, I urge him to comply with the initial plan discussed during the conference call on October 16, 2015.

CCFD would require Mr. Lopez to provide a certificate of illness (COI) from his licensed medical provider. The COI should state he is participating in the process as initially recommended by Dr. Vincent. While the applicable language of the collective bargaining agreement (CBA) governing COI's is quite structured for all members of the Local 1908 bargaining unit, the circumstances of this matter prompted me to allow Mr. Lopez flexibility. I would only require a COI every two (2) weeks, rather than upon each absence. Again, my intent is to provide a process which allows Mr. Lopez to return to work. I am informed that when an employee elects to waive FMLA protections, the employee's absence(s) is/are subject to terms of the employer's policies and applicable CBA language including its corresponding progressive discipline configuration.

Based upon the action plan provided to the CCFD from Risk Management upon disclosure from Dr. Vincent, and the declination of FMLA by Mr. Lopez, your client must provide the first COI from the licensed medical provider he chooses through Local 1908's Behavioral Health Options (BHO) provider listing on or before January 22, 2016. Again, the COI must demonstrate Mr. Lopez's participation in the action plan recommended by Dr. Vincent. Please let me know if you need a copy of the above-referenced action plan. As I stated to your client from the outset, and in my December 8, 2015 email to you, CCFD's sole and primary objective is to allow Mr. Lopez the necessary time and opportunity to obtain the treatment as recommended so that he can be released and certified fit for his fire engineer duties.

The action plan communicated to Mr. Lopez and provided to him last October remains unchanged and is the plan by which your client should participate in order to return to work. I am informed that Mr. Lopez may not wish to have a return evaluation from Dr. Vincent. It is my understanding that the County would consider making alternate provider arrangements on his behalf. Should you have any further questions or require additional clarifications, please e-mail District Attorney Carolyn Campbell at Carolyn.campbell@clarkcountyda.com.

Sincerely,

Greg Cassell
Fire Chief

cc:   Paul Lopez, Fire Engineer
      Sandra Swickard, Clark County Risk Management

EXHIBIT "2"

EXHIBIT "2"

You can address further correspondence with my attorney and my attorney has already made contact regarding this.

Paul Lopez

[Quoted text hidden]

---

**Sandra Swickard** <Sandra.Swickard@clarkcountynv.gov>                Mon, Nov 9, 2015 at 1:42 PM
To: Paul Lopez <plo5.sta11@gmail.com>

At no time did anyone force FMLA on you.   You were advised that we would place you on FMLA based on Dr. Vincent's report.  You did not express orally or in writing that you did not want to use FMLA for the time that you are off work seeking medical care.

In fact your emails suggest to me that you were waiting for your confirmation of FMLA benefits.

Given this statement that you were, forced to use FMLA, if you do not wish to have your time coded FMLA, please send a confirming statement to this in writing.
Attached is a formal letter outlining this information.

Thank you,

Sandra Swickard.


**From:** Paul Lopez [mailto:plo5.sta11@gmail.com]
**Sent:** Thursday, November 05, 2015 3:13 PM

[Quoted text hidden]

[Quoted text hidden]

---

 **Paul lopez.doc**
115K

---

**Sandra Swickard** <Sandra.Swickard@clarkcountynv.gov>                Mon, Nov 9, 2015 at 3:32 PM
To: Paul Lopez <plo5.sta11@gmail.com>

I went to file this and found a typo on the first line.  Sorry.
Sandi


**From:** Sandra Swickard
**Sent:** Monday, November 09, 2015 1:42 PM
**To:** 'Paul Lopez'
**Subject:** RE: Referral

[Quoted text hidden]

---

 **Paul lopez (2).doc**
115K

EXHIBIT "3"

EXHIBIT "3"

## Department of Finance
### Office of Risk Management

500 S Grand Central Pky 1st Fl • Box 551711 • Las Vegas NV  89155-1711
(702) 455-4544 • Fax (702) 455-3084

Yolanda T. King, Chief Financial Officer • Les Lee Shell, Director of the Office of Risk Management

November 6, 2015

**Certified & Email: 91-7199-9991-7035-1358-4301**

Paul Lopez
9578 Teton Vista Ave
Las Vegas NV 89117

Dear Mr. Lopez:

We have received information that you have been diagnosed with medical condition that meets the criteria of a serious medical condition covered by FMLA.

The medical reports indicate a medical need for treatment, and we have been advised that you are undergoing a regime of treatment, including medication that requires more than three days off work.

Given this information, your FMLA is approved effective 10/19/15 and will continue through 12/26/15.

If you have recovered and are able to return to work earlier than 12/26/15, please notify our office immediately.

While on FMLA leave, the following conditions apply:

1) Pay Status

You are required to use accrued paid leave during your FMLA leave in accordance with Policy VII, Section C, Paragraph 4 of the Clark County Merit Personnel System.

Once your accrued paid leave banks are exhausted, you will be placed in a FMLA leave without pay status (LWOP) until your return. Please be advised that once you exhaust both paid and unpaid leave under the FMLA, you will not be granted leave without pay automatically. Requests for LWOP are submitted to and approved by your department manager. It is imperative that you stay in constant communication with your department as your leave usage reaches the maximum FMLA leave, including providing the exact date you will return to work. If you do not return to work the workday after your FMLA leave expires, you will be subject to administrative action, which may include progressive discipline. If you do not return to work by the 5th working day after your FMLA leave expires, you shall be subject to termination. **If you wish to apply for Catastrophic (CAT) leave, you must apply no later than 30 days from the onset of the bedridden status. For information about Catastrophic Leave, you may contact me, at the number below, or the Payroll representative in your department.**

**BOARD OF COUNTY COMMISSIONERS**
STEVE SISOLAK, Chairman • LARRY BROWN, Vice Chairman
SUSAN BRAGER • CHRIS GIUNCHIGLIANI • MARY BETH SCOW • LAWRENCE WEEKLY
DONALD G. BURNETTE, County Manager

Paul Lopez
**REQUEST FOR FAMILY MEDICAL LEAVE (FMLA)**
**PAGE 2**
**November 3, 2015**

If you have been in a LWOP status for more than thirty (30) consecutive days, and you terminate, Clark County will collect its portion of the health insurance premium from your final paycheck.

2) Health Care Coverage

You may elect to maintain your health care coverage.  If you choose to maintain your health coverage while you are on FMLA leave, Clark County will continue to pay its portion of the monthly premium and you will be expected to pay your portion of the premium.  Please review the copy of the attached insurance premium rate sheet and contact the Risk Management Department at 455-4544 to discuss your insurance responsibilities.

3) Employment Rights

After you return from your consecutive leave, Clark County will reinstate you to your previous position or equivalent position at the same level of pay and other terms of employment, as required by law.  If you enter into a LWOP status, you will not accrue any vacation or sick leave credits during any such leave period, but your seniority will not be affected.  If you are in a LWOP status in excess of 21 days, your longevity date will be adjusted upon your return to cover the LWOP period.

4) Leave Verification

You are required to contact your department head or designee within two weeks prior to your scheduled return date.  **Further, pursuant to 29 CFR §825.313 Fitness for duty certification.**  The employee must provide medical certification, at the time the employee seeks reinstatement at the end of FMLA leave taken for the employee's serious health condition, that the employee is fit for duty and able to return to work.

If you have any questions regarding the information contained in this letter, please contact me at 455-5524.

Sincerely,


Sandra Swickard
WC Coordinator

cc:              FMLA File



**Clark County Nevada**
**JOB FUNCTION ANALYSIS**

| Job Title: | Fire Engineer | Department: | Fire |
|---|---|---|---|
| Job Code: | 492543 | FLSA Status: | Non-exempt |

### Job Summary

Under direction, performs journey level fire fighting duties of a varied and technical nature, drives and is responsible for the proper function of a major item of fire equipment, such as a fire pumper. Also may perform emergency medical care responsibilities in addition to fire fighter duties. Depending on the nature of the emergency these personnel provide basic and INTERMEDATE life support, perform extrication and rescue, or act as firefighters in fire suppression or hazard control activities.

### Identification of Job Functions

**Essential Functions and Tasks:**

1.) Responds to fire alarms as a vehicle driver; places vehicle in most effective position; hooks up and connects hose at pump; operates pump; insures pump is at proper pressure and water flow; operates ladder or snorkel power lift and other equipment as required; cleans and services assigned apparatus; maintains equipment in ready condition; reports mechanical failures or difficulties to a superior; assists in maintaining station log and preparing reports on equipment maintenance; prepares and updates a fire map book showing fire districts and water hook-ups; performs general maintenance and cleaning work in the upkeep of department equipment, apparatus, furnishings and structures.

2.) Performs necessary basic and INTERMEDIATE life support on sick, injured, or convalescent persons at the sites of emergencies or en route to hospitals or medical facilities. Patient care may include: hemorrhage control and treatment for shock, intravenous therapy, medication administration, cardiopulmonary resuscitation, airway maintenance, and fracture stabilization.

3.) Records event information including patient condition, patient history, treatments, vitals signs, and scene observations. Observes established basic and INTERMEDIATE medical protocols. Supplies patient information to physicians via radio transmission or direct contact.

4.) Maintains a daily log of responses.

5.) Maintains inventories of equipment and supplies.

6.) Operate emergency vehicles en route to medical emergencies and may operate vehicle during patient transport to the hospital.

7.) Performs similar and related duties as required.

### Qualification Standards

**Education/ Training: Licenses/ Certification / Experience:** Graduation from high school or its educational equivalent and three years of experience at the Firefighter level, EMT-1 certification/license, pass Fire Department's drivers certification test, current class B with F endorsement, Nevada Driver's license. The Firefighter will be eligible to participate in the Fire Engineer's certification process after completing two years as a Firefighter. After completing 3 years in grade, the Firefighter will become eligible to take the Fire Engineer's test. The test will generate an eligible list that will be in effect for 2 years. The cutoff time for the completion of 3 years in grade is based on a calendar year ending 12/31 of the year preceding the date of the test. EMT-1 certification must be maintained for the duration in grade.

**Knowledge/ Skills:** Considerable knowledge of: Fire fighting, fire inspection, and fire prevention; fire equipment and apparatus operation and limitations; fire company organization, utilization, combat capabilities and limitations; explosive and hazardous materials; basic hydraulic formulas; department rules and regulations; street system, physical layout of water system and locations of fire hydrants; rescue techniques and practices. Drive assigned vehicle; respond quickly to changing situations under emergency conditions; meet physical requirements; perform maintenance and operation checks on equipment; follow instructions orally and in writing; climb ladders and work at considerable heights; fight fires wearing an air pack and protective equipment weighing 58 pounds; use power driven tools; drag water hoses several hundred feet; couple hoses; carry 55 pound high rise packs up and down stairs; carry sections of 3" hose weighing up to 60 pounds; ascend and descend numerous flights of stairs; control hose with a maximum of 100 pounds of nozzle pressure. Operation of fire equipment and maintenance of equipment; computing hydraulic needs rapidly.

| Job Function Analysis | Job Title: Fire Engineer |
|---|---|

**Frequency Key:** The following abbreviations denote the frequency an activity is performed <u>daily</u>.
N = Never
S = Seldom (less than .5 hour per day)
O =Occasionally (.5 to 3 hours per day)
F = Frequently (3 to 6 hours per day)
C = Continuously (more than 6 hours per day)

## Physical Demands

**Postures/ Movements:**

| | | | | | |
|---|---|---|---|---|---|
| Sitting | O-F | Kneeling | F-C | Twisting at Waist | C |
| Standing | F-C | Crawling | O | Reaching: | |
| Walking: depending on activity, up to 5 miles. | O-C | Climbing: ladders/lifts up to 75-100 ft., stairs up 40-50 story buildings, steep terrain & obstacles. | O-C | Above Shoulders | F |
| Bending | F-C | Balancing | F | At/ Below Shoulders | C |
| Stooping | F-C | Using Foot Controls | O | Neck Extension (up) | C |
| Squatting | F-C | Running/Explosive Strength Activities | S-O | Neck Flexion (down) | C |
| Other: Driving | O | Restraint Activities/quick reaction activities. | S-O | Neck Rotation (turning) | C |

Comments: Physical demands vary in a range of frequency to accommodate a wide variety of activity that includes fire station activity, training activity and fire suppression and emergency medical response incidents. Assignments may include wild land fire response and swift water rescue.

**Lifting:** * Indicates with assistance

| Weight (lbs.) | Below Waist | Waist/ Chest | Above Shoulder | Examples of Objects Lifted |
|---|---|---|---|---|
| Up to 10 | C | C | C | Equipment, paperwork, drawings/plans, flashlight, radio/cell |
| 11-25 | F | F | O | Equipment, tools, materials and debris |
| 26-50 | O | O | S | Equipment, tools, materials and debris |
| 51-75 | S-O | S-O | S | Equipment, materials, debris |
| 76-100 | S | S | S | Equipment, materials, debris |
| Over 100 | S | S | N-S | Equipment and carry/drag body weight of various size individuals. Assistance is usually available unless emergency |

Comments: May lift/carry/drag individuals weighing 200-300 lbs during emergency situation.

**Carrying:** * Indicates with assistance

| Pounds | Freq. | Distance | Examples of Objects Carried |
|---|---|---|---|
| Up to 10 | C | Continuous. | Equipment, paperwork, drawings/plans, flashlight, radio/cell |
| 11-25 | F | 1-1000 ft. | Equipment, materials |
| 26-50 | F | 1-1000 ft. | Equipment, materials |
| 51-75 | S-C | 1-1000 ft. | Equipment/gear, debris, materials |
| 76-100 | S-C | 1-1000 ft. | Equipment/gear, debris, materials |
| Over 100 | S | 1-1000 ft. | Carry/drag body weight of various size individuals |

Comments: May lift/carry/drag individuals weighing 200-300 lbs. during emergency.

## Push & Pulling

| Force (lbs.) | Freq. | Using Arms | Using Legs | Activity |
|---|---|---|---|---|
| Up to 10 | F-C | F-C | O | Opening doors, moving supplies, operating equipment & vehicle |
| 11-25 | F-C | F-C | F | Adjusting controls, moving materials, debris, obstructions, shoveling, using pry bar, pike pole and handling equipment |
| 26-50 | O | O | O | Loading/unloading equipment / supplies, using axe/shoveling/prying |

| Job Function Analysis | | | | Job Title: Fire Engineer |
|---|---|---|---|---|

| 51-75 | S-F | S-F | S-F | Climbing ladders, removing debris/obstructions, upward thrusting using pike pole, using hydrant wrench |
|---|---|---|---|---|
| 76-100 | S-O | S-O | S-O | Carry/drag body weight of various size individuals, upward thrusting using pike pole, using hydrant wrench |
| Over 100 | S | S | S | Drag body weight of various size individuals |

## Use of Hands: Object Manipulation

| | Freq. | Tools & Materials |
|---|---|---|
| Fine Manipulation | F-C | Using pen, telephone, radio/cell, computer and general office equipment. |
| Simple Grasp | F-C | Handling tools and equipment, materials & supplies. |
| Gross Grasp | C | Operating vehicle, handling materials, supplies, tools, equipment. |
| Powerful Grasp | S-C | Climbing ladder, handling charged fire hose, using hand & power tools/equipment, operating controls and moving debris/materials. |
| Keyboarding | O-F | Reports, general correspondence, email. |

## Mental and Psychological Demands

| | | Frequency |
|---|---|---|
| **Basic Work Abilities:** | | |
| 1 | Follow verbal and written instructions. | C |
| 2 | Maintain established work pace. | C |
| 3 | Adhere to established work and safety procedures. | C |
| 4 | Respond appropriately to direction, evaluation, or criticism. | C |
| 5 | Respond appropriately to changes in the work setting. | C |
| **Attention to Task/ Details:** | | |
| 6 | Perform simple/ repetitive tasks. | C |
| 7 | Perform complex/ varied tasks. | C |
| 8 | Organize tasks and set priorities. | C |
| 9 | Manage multiple tasks simultaneously, with the ability to switch back & forth between tasks. | C |
| **Interaction with Others:** | | |
| 10 | Work cooperatively with coworkers. | C |
| 11 | Interact with customers or the public. | C |
| 12 | Give training/ instruction to public. | O-C |
| 13 | Direct or supervise others. May direct firefighters on scene with lines & Paramedics on EMS calls. | N |
| **Decision Making** | | |
| 14 | Use basic problem-solving techniques. | C |
| 15 | Work autonomously, or with minimal supervision. | C |
| 16 | Make independent decisions based on data circumstances. | C |
| 17 | Originality & creative problem solving abilities. | C |
| 18 | Critical thinking skills, using inductive & deductive reasoning. | C |
| **Other:** | | |
| 19 | Systems analysis and evaluation abilities. | O |
| 20 | Mental/physical fatigue & sleep deprivation. | O |
| 21 | Work with grotesque sights/smells, at heights or in enclosed/confined spaces, wear respirator/SCBA, encapsulated suits for extended periods, and work in environments with high/noise/poor visibility/limited mobility. | O-C |

## Communication/ Sensory Demands

| Method | Freq. | Activity |
|---|---|---|
| Seeing | C | Vision to read printed materials and a VDT screen, maps, drawings/plans, schematics and operate equipment & vehicle. Visual acuity in all fields, perform work in limited lighting environments and possess normal color vision. |
| Hearing | C | Ability to communication with co-workers & general public and use radio/cell/telephone. |

| Job Function Analysis | | Job Title: Fire Engineer |
|---|---|---|

| Speaking | C | Basic interpersonal communication skills and ability to establish interpersonal relationships with various levels (unskilled to professional) and communicate with department employees, property owners, other agency personnel and the general public. |
|---|---|---|
| Reading | C | Ability to read and comprehend complex technical subject materials. |
| Advanced Social Skills | C | Coordination of other's actions, instructing and negotiation skills required. |
| Writing | O-F | Capable of writing detailed incident reports and memos containing technical and factual data. |
| Math | F | Basic math skills calculate hydraulics and compute formulas. |

### Environmental Conditions

| | Freq. | | Freq. | | Freq. |
|---|---|---|---|---|---|
| Indoors | O-C | Temperature Swings | O-C | Toxic Substances | O-C |
| Outdoors | O-C | Dust/Wind | O-C | Biological Hazards | O-C |
| Cold | O-C | Noise | O-C | Mechanical Hazards | O-C |
| Thermal heat/ sun | O-C | Vibration, from tools/equipment | O-F | Electrical Hazards | O-C |
| Humidity | O-C | Fumes/Odors/Smoke | O-C | Explosive Hazards | O-C |
| Inclement weather | O-C | Trip/fall obstacles | O-C | Traffic Hazards | C |

### Operation of Vehicles, Equipment or Machinery

| Type | Freq. | Type | Freq. |
|---|---|---|---|
| Computer, telephone, cell and general office equipment | F | **Equipment:** | |
| County Fire Department vehicle, pickup, sedan or SUV | O | Medical emergency equipment, gear and supplies | C |
| Variety of specialty fire suppression tools, hand tools: shovel, axe, pike pole, chain saw, fire hose, generator, instruments and equipment including turnout gear, SCBA, fire extinguisher, and flashlight. | C | | |

### Work Setting

**Description of Work Site:** Depending on assignment, can be extended field time, overall 65% at Fire Station & training activities, 35% Field with travel throughout Clark County including Mt. Charleston.

**Required Personal Protective Equipment:** Seat belt while operating vehicle, fire suppression gear/turnout gear, Haz-Mat suits, hard hat/helmet, face shield, gloves, safety glasses, safety-toe shoes, hearing/eye protection, SCBA & respirator.

| Hours: 24 on/ 24 off, 56 hour work week. May work up to 72 hours continuously. | Working Conditions: This position may include working alternate shifts, which may be for extended periods of time. Subject to emergency call back. |
|---|---|
| Breaks: 2-15 minute breaks | |

| Sources of Information: ADA Compliant  Essential Job Function Analysis | | | | | |
|---|---|---|---|---|---|
| Observation of work | X | Referral to County job classifications | | X | Interview |
| Conducted by: | Dennis L. Chandler, Day-1Systems | | Date: | May 12, 2006 | |

## Department of Finance
## Office of Risk Management

500 S Grand Central Pky 1st Fl • Box 551711 • Las Vegas NV 89155-1711
(702) 455-4544 • Fax (702) 455-3084

Yolanda T. King, Chief Financial Officer • Les Lee Shell, Director of the Office of Risk Management

November 9, 2015

Paul Lopez                                    Sent Certified and Email
9578 Teton Vista Ave                          # 91-7199-9991-7035-1358-4295
Las Vegas NV 89117

Dear Mr. Lopez

This letter is in response to your email dated 11/6/15 sent to me at 11:67 am.

Federal Law mandates that an employer afford the employee with FMLA leave protection if they have information that the employee is taking leave as a result of a serious medical condition

I refer you to Federal Regulation §825.300 Employer notice requirements.

At no time did anyone force FMLA on you. You were advised that we would offer FMLA based on the medical report from Dr. Vincent dated October 14, 2015, and that it would begin effective your next work shift. During that conversation you did not express that you were not interested in the FMLA protection.

On October 21, 2015 you sent me an email requesting your FMLA letter. You also asked about how many FMLA hours you had available and asked me to provide you with information regarding the number of hours you had and the hours that had been returned. I provided you that information on 11/6/15.

This is my first knowledge that you do not wish to have your leave protected under the FMLA. If you do not wish to have the protection of the FMLA, you will be required to follow you department's time and attendance policy with respect to your leave.

***In accordance with FMLA Regulation 825.301., please confirm in writing that you do not wish to have your leave protected under the FMLA.***

825.301 Designation of FMLA leave

(c) Disputes. If there is a dispute between an employer and an employee as to whether leave qualifies as FMLA leave, it should be resolved through discussions between the employee and the employer. Such discussions and the decision must be documented.

Thank you,

Sandra Swickard

BOARD OF COUNTY COMMISSIONERS
STEVE SISOLAK, Chairman • LARRY BROWN, Vice Chairman
SUSAN BRAGER • TOM COLLINS • CHRIS GIUNCHIGLIANI • MARY BETH SCOW • LAWRENCE WEEKLY
DONALD G. BURNETTE, County Manager

# EXHIBIT "4"

# EXHIBIT "4"

**Subject:** Re: Lopez/Clark County Fire Department
**Date:** Tuesday, December 8, 2015 at 4:23:59 AM Pacific Standard Time
**From:** Gregory Cassell
**To:** Andrew Rempfer
**CC:** Sandra Swickard, Ryan Beaman, Nels Eastgard, Christina Ramos, Paul Lopez

Good Morning Mr. Rempfer.

Working together in a unique situation, CCFD Administration and Local 1908 developed a plan that would allow Mr. Lopez the opportunity to seek assistance and return to work via a scripted plan. I am sure Mr. Lopez has the ability to provided you with that plan.

To my knowledge, I am not aware that Mr. Lopez has completed the scripted plan. If he has, please provide us with that information.

I assure you that all of us want Mr. Lopez to return to work in a healthy and fit manner.

With that said, I believe you are asking that his designated FMLA be changed to sick leave. I will inquire about that as I do not know the details of FMLA at that level. I will also ask those in Risk Management to send you the item(s) you requested.

With regard to his sick hours, those are not going to be reinstated.

If Mr. Lopez needs further assistance from either CCFD and/or Local 1908 in completing the scripted plan we encourage him to ask.

Regards,

Greg Cassell
Fire Chief
Clark County Fire Dept.

On Dec 7, 2015, at 4:11 PM, Andrew Rempfer <Andrew@sjplawyer.com> wrote:

> Mr. Cassell & Ms. Swickard:
>
> I am helping Mr. Paul Lopez in his current employment matter with the County. I write on his behalf because, he tells me, tomorrow his new shift begins at Station 11, on the Strip. The County ordered him to a fitness for duty examination under peculiar circumstances, however. That is where I became involved, given his Union's failure to properly defend him in that setting. I will not digress, now, on that topic.
>
> Today I write to ask whether you will permit Mr. Lopez to return to work, tomorrow? If not, please advise "why" and "how"/"what" he can do to return to work, post haste. We would also request all FMLA leave attributed to him be retroactively restored, since he did not ask for, nor did he accept the benefit of, it. You could also please restore into his County compensation/account, any sick leave or other compensation the County paid him during this time he was forced out on leave.
>
> Please advise no later than tomorrow at 9 AM if you will comply with these requests. Also please provide all written certification the County has relative to Mr. Lopez' putative FMLA designation pursuant to 29 CFR 825.300(d)(1)-(6) and (e).

Write or call with questions.

**Best,**

**Andrew L. Rempfer, Esq.**

**andrew@sjplawyer.com**
**Nevada Bar No. 8628; Iowa Bar No. 26931**
**AV Preeminent® Peer Rated Lawyer**
**Law Offices of Steven J. Parsons**
**7201 W. Lake Mead Blvd., Ste. 108**
**Las Vegas, NV 89128-8354**
**(702) 384-9900**
**(702) 384-5900 -- fax**

# EXHIBIT "5"

# EXHIBIT "5"

**Fire Department**

575 East Flamingo Road • Las Vegas NV  89119
(702) 455-7311  •  Fax (702) 734-6111

**Greg Cassell, Fire Chief**
Erik Newman, Sr. Deputy Fire Chief
Kelly Blackmon, Deputy Fire Chief  •  Jon Klassen, Deputy Fire Chief
John Steinbeck, Deputy Fire Chief  •  Roy Session, Deputy Fire Chief  •  Jeff Buchanan, Deputy Fire Chief
*"Responding with Integrity – Serving with Compassion"*

January 14, 2016

Andrew L. Rempfer, Esq.
Law Offices of Steven J. Parsons
7201 W. Lake Mead Blvd., Ste. 108
Las Vegas, NV 89128-8354

RE:  PAUL LOPEZ

Dear Mr. Rempfer,

I am responding to your December 7, 2015 and January 13, 2016 emails concerning Paul Lopez. You asked that the County immediately and unconditionally reinstate Mr. Lopez. Understand it has been and remains the intent of the County to get Mr. Lopez returned to the workplace. Unfortunately, workplace incidents in which your client demonstrated inappropriate conduct prompted my request that he obtain a certificate of fitness from a state licensed health care provider. I postponed my option to commence disciplinary action for the inappropriate conduct, so that it could be determined whether Mr. Lopez was able to perform the essential functions of his position without restriction or limitation.

In accord with policy, Clark County's Risk Management Division, scheduled an October 8, 2015 appointment for Mr. Lopez with Susan L. Vincent, Ph.D.  I am informed that Mr. Lopez attended the appointment and while there, he signed a HIPAA form. Apparently Mr. Lopez specifically designated "Sandra Swickard and Clark County" as recipients of the medical report(s) resulting from the appointment with Dr. Vincent.

I was notified by a representative from Risk Management that Dr. Vincent concluded Mr. Lopez was not fit for duty on October 14, 2015. Your client participated on a telephonic conference call on October 16, 2015. During the call Mr. Lopez was informed of Dr. Vincent's recommended treatment plan with the objective of getting him returned to work as a fire engineer. The plan was also emailed to Mr. Lopez shortly after the conference call.

The County deemed the medical information received from Dr. Vincent as Family Medical Leave Act ("FMLA") qualified.  Shortly after and upon consultation with Risk Management, the Clark County Fire Department ("CCFD") began coding Mr. Lopez's absences as FMLA protected.  That coding continued based on email communication between Mr. Lopez and Risk Management; specifically Sandra Swickard between October 6 through November 29, 2015.

BOARD OF COUNTY COMMISSIONERS
STEVE SISOLAK, Chairman  •  LARRY BROWN, Vice Chairman
SUSAN BRAGER  •  TOM COLLINS  •  CHRIS GIUNCHIGLIANI  •  MARY BETH SCOW  •  LAWRENCE WEEKLY
DONALD G. BURNETTE, County Manager

Subsequently, your client exercised his right to affirmatively decline FMLA protection for his leave that began October 19, 2015.  I am informed that Mr. Lopez's absences which had been designated, FMLA, have been reversed.  We have not received information that Mr. Lopez has been released to return to work or certified fit for duty by a state licensed medical provider.  If he has received such a release, please provide the release to our Risk Management Division, attention, Sandra Swickard. If Mr. Lopez does not have a release to return to work, I urge him to comply with the initial plan discussed during the conference call on October 16, 2015.

CCFD would require Mr. Lopez to provide a certificate of illness (COI) from his licensed medical provider. The COI should state he is participating in the process as initially recommended by Dr. Vincent.  While the applicable language of the collective bargaining agreement (CBA) governing COI's is quite structured for all members of the Local 1908 bargaining unit, the circumstances of this matter prompted me to allow Mr. Lopez flexibility. I would only require a COI every two (2) weeks, rather than upon each absence. Again, my intent is to provide a process which allows Mr. Lopez to return to work. I am informed that when an employee elects to waive FMLA protections, the employee's absence(s) is/are subject to terms of the employer's policies and applicable CBA language including its corresponding progressive discipline configuration.

Based upon the action plan provided to the CCFD from Risk Management upon disclosure from Dr. Vincent, and the declination of FMLA by Mr. Lopez, your client must provide the first COI from the licensed medical provider he chooses through Local 1908's Behavioral Health Options (BHO) provider listing on or before January 22, 2016.  Again, the COI must demonstrate Mr. Lopez's participation in the action plan recommended by Dr. Vincent.  Please let me know if you need a copy of the above-referenced action plan. As I stated to your client from the outset, and in my December 8, 2015 email to you, CCFD's sole and primary objective is to allow Mr. Lopez the necessary time and opportunity to obtain the treatment as recommended so that he can be released and certified fit for his fire engineer duties.

The action plan communicated to Mr. Lopez and provided to him last October remains unchanged and is the plan by which your client should participate in order to return to work.  I am informed that Mr. Lopez may not wish to have a return evaluation from Dr. Vincent.  It is my understanding that the County would consider making alternate provider arrangements on his behalf.  Should you have any further questions or require additional clarifications, please e-mail District Attorney Carolyn Campbell at Carolyn.campbell@clarkcountyda.com.

Sincerely,

Greg Cassell
Fire Chief

cc:     Paul Lopez, Fire Engineer
        Sandra Swickard, Clark County Risk Management

# EXHIBIT "6"

# EXHIBIT "6"



**CLARK COUNTY**
## OFFICE OF THE DISTRICT ATTORNEY
*Civil Division*

**STEVEN B. WOLFSON**
District Attorney

500 S. Grand Central Pkwy, Suite 5075 • Las Vegas, NV 89155 • 702-455-4761 • Fax: 702-382-5178 • TDD: 702-385-7486

| MARY-ANNE MILLER | CHRISTOPHER LALLI | ROBERT DASKAS | JEFFREY WITTHUN |
|---|---|---|---|
| *County Counsel* | *Assistant District Attorney* | *Assistant District Attorney* | *Director* |

January 20, 2016

Andrew L. Rempfer, Esq.
7201 W. Lake Mead Blvd., #108
Las Vegas, NV 89128-8354
andrew@sjplawyer.com
(702) 384-5900

Re:     Certificate of Fitness

Dear Mr. Rempfer:

After consultation with my client, the Department has agreed to extend the time by which Mr. Lopez must provide a COI. Specifically, the Department will expect the COI on or before January 29, 2016. Chief Cassell stated that the County would consider making alternate arrangements for Mr. Lopez should he decline to be seen by Dr. Vincent. If Mr. Lopez wishes to see another health care provider, please contact Sandra Swickard in the County's Risk Management office. Let me know if you need her contact information. Finally, please understand that Mr. Lopez may return to work after he provides a certificate of fitness from a state licensed health care provider in the same area of practice as Dr. Vincent. I will respond to your other assertions after I have time to review them.

Sincerely,

STEVEN B. WOLFSON
DISTRICT ATTORNEY

BY: _____
CAROLYN C. CAMPBELL
Deputy District Attorney
Carolyn.Campbell@ClarkCountyDA.com

CCC:ab
cc:     Sandra Swickard, Risk Management