1

2

3

4

5

6

7

8

9

10

11

12

13

14

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PAUL LOPEZ,                                    )
                                               )
                    Plaintiff,                 )          Case No. 2:16-cv-00218-APG-GWF
                                               )
vs.                                            )          **ORDER**
                                               )
CLARK COUNTY, ex rel. CLARK COUNTY             )
FIRE DEPARTMENT, *et al.*,                     )
                                               )
                    Defendants.                )
_____)

15      This matter is before the Court on Defendant Clark County and Defendant Clark County Fire

16 Department's Motion to Stay (ECF No. 27), filed April 14, 2016.  The Court conducted a hearing in

17 this matter on May 19, 2016.

18                                    **BACKGROUND**

19      Plaintiff filed his complaint against Defendants on February 4, 2016.  (ECF No. 1.)  Plaintiff

20 alleges nine (9) claims of relief against all Defendants.  The complaint alleges claims of invasion of

21 privacy, defamation and defamation per se, intentional infliction of emotional distress, FMLA

22 interference, civil conspiracy, and declaratory judgment against Defendant Clark County and

23 Defendant Clark County Fire Department.  The complaint alleges claims of invasion of privacy,

24 negligence and negligence per se, defamation and defamation per se, intentional interference with

25 existing contractual relations, intentional misrepresentation, intentional infliction of emotional

26 distress, and civil conspiracy against Defendant Susan Vincent, individually, and Defendant Dr.

27 Susan Vincent, a limited liability company.

28      Defendants Clark County and Clark County Fire Department filed their Motion to Dismiss

on March 21, 2016.  (ECF No. 16.)  Plaintiff filed his Response on May 2, 2016.  (ECF No. 36.)

Defendant Susan Vincent and Defendant Dr. Susan Vincent joined Defendants Clark County and

Clark County Fire Department's Motion to Dismiss and Motion to Stay on May 3, 2016.  (ECF No.

37.)  Defendants Clark County and Clark County Fire Department filed their Reply on June 2, 2016.

(ECF No. 42.)  Defendants' Motion to Dismiss is currently pending before the District Court.

      Defendants Clark County and Clark County Fire Department's Motion to Dismiss seeks

dismissal of Plaintiff's first, third, sixth, eighth, and ninth claims for relief with prejudice on the

grounds that they fail to state a claim for relief under Fed. R. Civ. Pro. 12(b)(6).  Defendants'

Motion to Dismiss is potentially dispositive of all, but one claim, Plaintiff's FMLA interference

claim against Clark County and Clark County Fire Department.  Defendants argue that discovery in

this matter should be stayed pending the resolution of their Motion to Dismiss, thereby relieving

Defendants of incurring unnecessary expenses of discovery if the motion is granted.

      Defendants Susan Vincent and Dr. Susan Vincent filed their Motion to Dismiss on April 18,

2016.  (ECF No. 30.)  Defendants Susan Vincent and Dr. Susan Vincent's Motion to Dismiss seeks

dismissal of Plaintiff's first, second, third, fourth, six, and eighth causes of action without prejudice.

In their Motion to Dismiss, Defendants argue that the "gravamen" of Plaintiff's allegations are

medical malpractice and because Plaintiff failed to support his complaint with an affidavit of a

qualified expert per NRS § 41A.071, Plaintiff's complaint is void as a matter of law.  *Defendants*

*Susan Vincent and Dr. Susan Vincent's Motion to Dismiss (ECF No. 30), page 6.*

## DISCUSSION

      The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of

discovery when a potentially dispositive motion is pending.  See *Skellerup Indus. Ltd. V. City of*

*L.A.*, 163 F.R.D. 598, 600-1 (C.D. Cal. 1995).  Ordinarily, a dispositive motion does not warrant a

stay of discovery.  *See Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652, 653 (D.

Nev. 1989).  *See also Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D.

Nev. 1997).  The moving party carries the heavy burden of making a strong showing of why

discovery should be denied. *Kor Media Group, LLC v. Green*, 294 F .R.D. 579, 581 (D. Nev. 2013).

      Courts have broad discretionary power to control discovery.  See *Little v. City of Seattle*, 863

1   F.2d 681, 685 (9th Cir.1988).  When deciding whether to grant a stay of discovery, the Court is

2   guided by the objectives of Fed. R. Civ. Pro. 1 that ensures a "just, speedy, and inexpensive

3   determination of every action." *Kor Media Group*, 294 F.R.D. at 581.  It is well known that the

4   purpose of Fed. R. Civ. Pro. 12(b)(6) is to enable defendants to challenge the legal sufficiency of a

5   complaint without subjecting themselves to discovery.  *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D.

6   597, 601 (D. Nev. 2011).   To establish good cause for a stay, the moving party must show more

7   than an apparently meritorious Rule 12(b)(6) motion. *Turner Broadcasting System*, 175 F.R.D. at

8   556.

9       The Court may grant a motion to stay discovery when "(1) the pending motion is potentially

10  dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and

11  (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and

12  is convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Group*, 294

13  F.R.D. at 581.

14      Fed. R. Civ. Pro. 12(b)(6) requires only that the Court determine whether the pleadings are

15  sufficient to establish a claim, and does not require the Court to determine if the plaintiff could find

16  evidence to support the pleadings.  *Tracy v. United States*, 243 F.R.D. 662, 664 (D. Nev. 2007).

17  Fed. R. Civ. Pro. 12(b)(6) requires a plaintiff "to provide grounds of his entitlement for relief"

18  which "requires more than labels and conclusions, and a formulaic recitation of the elements of the

19  cause of action will not do."  *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 555 (2007).

20      With the above standards in mind, the Court turns to its "preliminary peek" of Defendants'

21  Motions to Dismiss.  Defendants Clark County and Clark County Fire Department argue that

22  Plaintiff's factual allegations are "threadbare" and that many of Plaintiff's allegations contain bare

23  legal conclusions.  *Defendants Clark County and Clark County Fire Department's Motion to*

24  *Dismiss (ECF No. 16), page 8*.  Despite its argument that the factual allegations are threadbare,

25  Defendants introduce new information, such as an HIPAA authorization form.  *Id. at page 9;*

26  *Exhibit A*.  However, under Fed. R. Civ. Pro. 12(b)(6), if the district court considers "matters outside

27  the pleading..., the motion shall be treated as one for summary judgment and disposed of" as

28  provided in Fed. R. Civ. Pro. 56.  *Oseguera v. Winters*, 21 F. App'x 636, 637 (9th Cir. 2001).

Defendants do not primarily attack the sufficiency of Plaintiff's factual allegations, but introduce new information.

Defendants Susan Vincent and Dr. Susan Vincent's argument that Plaintiff's complaint is void as a matter of law because the "gravamen" of Plaintiff's complaint is medical malpractice is not convincing.  *Defendants Susan Vincent and Dr. Susan Vincent's Motion to Dismiss (ECF No. 30), page 6*. The Court finds that there is not a strong likelihood that Defendant Susan Vincent and Dr. Susan Vincent's Motion to Dismiss will be granted.

Based upon its preliminary review, the Court is not convinced that a stay of discovery is warranted such that discovery would be a waste of effort.  Accordingly,

**IT IS HEREBY ORDERED** that Defendants Clark County and Clark County Fire Department's Motion to Stay (ECF No. 27) is **denied**.

DATED this 9th day of June, 2016.

GEORGE FOLEY, JR.
United States Magistrate Judge

4