# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

PAUL LOPEZ,

        Plaintiff,

    v.

CLARK COUNTY, ex. rel., CLARK COUNTY FIRE DEPARTMENT, a political subdivision of the State of Nevada; CLARK COUNTY FIRE DEPARTMENT LOCAL 1908, an employee bargaining unit, a Nevada non-profit corporation; EMPLOYEE(S) AGENT DOES I through V, ROE ENTITIES I thru V, inclusive; SUSAN VINCENT, an individual; DR. SUSAN VINCENT, a Nevada limited liability company,

        Defendants.

Case No. 2:16-cv-0218-APG-GWF

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, GRANTING PLAINTIFF LEAVE TO AMEND, AND DENYING PLAINTIFF'S COUNTERMOTION TO STRIKE**

(ECF No. 16)

Paul Lopez worked as a Clark County firefighter for over two decades until, in the fall of 2015, he had a heated disagreement with his supervisor. The county suspended Lopez and ordered him to complete a psychological evaluation to determine whether he was fit to continue in his position. Lopez was eventually reinstated, but he brought this action based on two things the defendants allegedly did while he was suspended. First, he alleges that the defendants illegally shared his psychological evaluation with Lopez's union and his fire department superiors. Second, he alleges that the defendants interfered with his rights under the Family and Medical Leave Act by unfairly debiting his FMLA and sick leave time—when, he claims, he never should have been suspended in the first place.

The defendants move to dismiss Lopez's first, third, sixth, and eighth causes of action. I grant the defendants' motion as to each of these causes of action save the first. Lopez's allegations do not state a claim for defamation (his third cause of action) because he has not identified any false and defamatory statements. Lopez's intentional infliction of emotional distress allegations (his sixth cause of action) fall far short of the outrageous conduct Nevada law

requires.  And none of Lopez's allegations suggests the defendants entered into an agreement as Nevada law requires for his eighth cause of action for civil conspiracy.  But Lopez has sufficiently alleged that the defendants wrongly invaded his privacy by sharing his health information without his authorization; I thus decline to dismiss Lopez's first cause of action.

In Lopez's opposition, he countermoves to preemptively strike the defendants' affirmative defenses to the claims that the defendants did not move to dismiss (his second, fourth, fifth, and seventh causes of action).  Lopez's theory is that when a defendant moves to dismiss only some claims, the deadline to answer the remaining claims is governed by the 21-day period that applies when no motion to dismiss is filed (a deadline that the defendants missed).  Lopez provides no authority to support his argument, and in any event the overwhelming weight of authority rejects this position.  I thus deny Lopez's countermotion.

## I.   BACKGROUND

Lopez worked for many years as an engineer for the Clark County Fire Department without incident.[1]  That is, until October 2015 when Lopez and his supervisor had a disagreement.[2]  Lopez's complaint sheds little light on what this disagreement was about, but soon after the incident the fire department suspended Lopez and told him he needed to complete a psychological evaluation with Dr. Susan Vincent.[3]  The purpose of this evaluation was to evaluate whether Lopez was psychologically capable of continuing his engineering duties.[4]

Dr. Vincent examined Lopez and prepared a "fitness for duty evaluation" report.[5]  She concluded that Lopez required "modified duty options" to continue working in his position.[6]  The fire department then told Lopez he would need to complete treatment with Dr. Vincent before he

---

[1] ECF No. 1.  The following facts are taken from Lopez's complaint, and I assume they are true for purposes of ruling on the defendants' motion.

[2] *Id.* at ¶20.

[3] *Id.* at ¶¶24-26.

[4] *Id.*

[5] *Id.* at ¶34.

[6] *Id.*

could return to his position,[7] and that he would be required to use his FMLA or sick leave hours if he wanted to continue to receive pay.[8]

Lopez alleges that he never signed an authorization for Dr. Vincent to share this report with anyone at Clark County.[9] He alleges that Dr. Vincent shared his full evaluation—containing his private health information—with the fire department[10] which, in turn, shared this information with members of Lopez's union.[11]

## II.   ANALYSIS

### A. Motions to Dismiss

A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."[12] While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[13] "Factual allegations must be enough to rise above the speculative level."[14] Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."[15]

---

[7] *Id.* at ¶38.

[8] *Id.* at ¶42.

[9] *Id.* at ¶¶31-33.  Lopez alleges that he "did not sign a HIPAA release which would have authorized Dr. Vincent to release his medical records to Clark County." *Id.* at ¶31.  It is unclear whether Lopez contends he never signed any release or whether the release he signed did not specifically authorize sharing his information with Clark County. *Compare* ¶31 *with* ¶33 ("falsified the HIPAA releases Lopez signed at Dr. Vincent's office by recreating an image of Lopez's signature").  Making all inferences in Lopez's favor, I will assume that Lopez alleges he never signed any authorization form at all.

[10] *Id.* at ¶¶31-32.

[11] *Id.* at ¶¶45-46.

[12] Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[14] *Twombly*, 550 U.S. at 555.

[15] *Iqbal*, 556 U.S. at 678 (internal citation omitted).

### B. Lopez states a claim for invasion of privacy, but he fails to state a claim for defamation, intentional infliction of emotional distress, and civil conspiracy.

#### a. Invasion of Privacy

The parties agree that to establish a claim of invasion of privacy, Lopez must show either an unreasonable intrusion upon his seclusion or unreasonable publicity of his private facts.[16] Lopez does not state a claim for unreasonable publicity because he has not plausibly alleged that his private information was "made public," that is, shared with enough of the "public at large" so that it is likely to become public knowledge.[17]  Lopez alleges that his information was shared with a small group within the fire department and his union, but that is not enough under Nevada law.[18]

But his allegations, taken as true, state a claim for intrusion.  A claim for intrusion requires Lopez to show that he had a reasonable expectation of privacy in his personal health information and that the defendants intruded on that reasonable expectation.[19]  The defendants argue that Lopez could not have had a reasonable expectation of privacy in his medical information because he must have known it would be shared with the fire department and his union—after all, Lopez was seeing a doctor so that he could prove to the fire department he was fit for work.  But Lopez alleges in his complaint, which I must take as true, that he never authorized his personal health information to be shared.  Presumably Lopez's employers could have been informed of the results of Lopez's evaluation without being provided a detailed copy of his personal health information.  And even if Lopez authorized his information to be shared, the complaint does not suggest that he would have known that multiple people in the fire department and in his union would be given access to this information—thus he could have had a reasonable

---

[16] *People for the Ethical Treatment of Animals (PETA) v. Berosini*, 867 P.2d 1121, 1130 (Nev. 1994); *Kuhn v. Account Control Tech., Inc.*, 865 F. Supp. 1443, 1447 (D. Nev. 1994).

[17] *Kuhn*, 865 F. Supp. at 1448.

[18] *Id.*

[19] *Id.*

1   expectation of privacy as to at least some of the people he alleges received his information.[20]   I

2   therefore decline to dismiss this claim.

3                                        **b.   Defamation**

4          Lopez's defamation claim does not properly allege that the defendants made a defamatory

5   statement.  To establish defamation, Lopez must show "a false and defamatory statement by

6   defendant concerning the plaintiff."[21]  The plaintiff must allege "what defamatory statements

7   were made, when they were made, who made them, [and] to whom they were made."[22]  "Whether

8   a statement is capable of a defamatory construction is a question of law."[23]

9          Lopez argues that his allegation that the defendants shared his personal health

10  information, which may have contained inaccuracies, is enough on its own to state a claim of

11  defamation.  But not so.  The entirety of Lopez's allegations concerning defamation is that the

12  county shared with others his psychological evaluation, which contained "defamatory statements

13  regarding, among other things, Lopez's personal life, his physical, and mental, well-being."[24]

14  This is precisely the sort of conclusory factual allegation that I must ignore on a motion to

15  dismiss.  Lopez has not properly alleged what statements were false.  And even if he had, that

16  would still not be enough.  His complaint must contain facts making it plausible that the

17  defendants' false statements were defamatory; he cannot rely on a recital of the claim's legal

18  elements.  This claim is therefore dismissed.

19  / / / /

20  / / / /

21

22      [20] The defendants point out that, in his opposition, Lopez does not specifically deny that
    he signed a HIPPA authorization form.  But debates like this are for summary judgment.  Lopez
23  denied signing the authorization in his complaint, and that is what matters for purposes of the
    motion to dismiss.
24
        [21] *Chowdhry v. NLVH, Inc.*, 851 P.2d 459, 462 (Nev. 1993).
25
        [22] *Gala v. Britt*, No. 2:10-CV-00079, 2010 WL 5248430, at *5 (D. Nev. Dec. 15, 2010)
26  (vacated on other grounds).

27      [23] *Branda v. Sanford,* 637 P.2d 1223, 1225 (Nev. 1981).

28      [24] ECF No. 1 at ¶38.

### c.  Intentional Infliction of Emotional Distress

Lopez's IIED claim alleges that the defendants wrongly suspended him, forced him to undergo a psychological evaluation, forced him to go to a specific doctor for this evaluation, shared his health information, and forced him to use his FMLA and sick leave while he was suspended.  These allegations, even taken as true, fall short of plausibly stating an IIED claim.

An IIED claim requires three elements: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation."[25] "[E]xtreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community."[26]  Lopez's allegations fall short of what courts have required for "extreme and outrageous" conduct.[27]  Further, Lopez does not establish causation or any resulting "extreme emotional distress."  This claim is thus dismissed.

### d.  Civil Conspiracy

Finally, Lopez's civil conspiracy claim must also fail.  To properly state a claim for civil conspiracy, Lopez must plausibly allege that the defendants entered into an agreement to carry out an intentional tort.[28]  Lopez provides no allegations plausibly indicating that the defendants entered into an agreement to carry out an intentional tort against him.  Indeed, Lopez provides no allegations about an agreement at all, save that the defendants shared a document amongst themselves that contained Lopez's health information.  This claim is thus dismissed.

### C.  Leave to Amend

I will allow Lopez to amend his complaint, but he is cautioned that if his amended complaint does not contain specific facts making each element of his claims plausible, I will dismiss those claims with prejudice.  Lopez suggests in his briefing that *Iqbal's* instruction that

---

[25] *Dillard Dep't Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999).

[26] *Maduike v. Agency Rent—A—Car*, 953 P.2d 24, 26 (Nev. 1998) (per curiam).

[27] *See, e.g. In King v. AC & R Advertising,* 65 F.3d 764 (9th Cir. 1995) (holding no IIED where employer fired plaintiffs and made ageist comments to him).

[28] *Ungaro v. Desert Palace, Inc.*, 732 F. Supp. 1522 (D. Nev. 1989).

1  courts should ignore "threadbare" allegations applies only when a plaintiff alleges conclusory

2  statements of *law*, not conclusory statements of *facts*.[29]  But "threadbare" factual allegations are

3  just the sort of "legal conclusion[s] couched as a factual allegation" that the Supreme Court

4  denounced in *Iqbal*.[30]  The Ninth Circuit has repeatedly explained that courts look only to

5  "specific factual allegations" when evaluating motions to dismiss,[31] and that "bare assertions"

6  must be supported by specific "facts that would support these conclusory allegations."[32]

### D. Lopez's Countermotion to Strike the Defendants' Affirmative Defenses.

8  Lopez relies on a single Federal Circuit case, *General Mills v. Kraft Foods*,[33] to argue that

9  the defendants waived their affirmative defenses to all of Lopez's claims that the defendants did

10  not move to dismiss.  Normally, defendants must file an answer within 21 days after the

11  complaint is served.  But when a defendant files a motion to dismiss under Rule 12, this period is

12  tolled until 14 days after "the court denies the motion."[34]  Given I am denying the defendants'

13  motion, at least in part, Rule 12 gives the defendants 14 days hereafter to file their answer.

14  Lopez's reliance on *General Mills* is misplaced because the Federal Circuit made clear its

15  holding applied only to a defendant answering an *amended* complaint—the court expressly

16  distinguished the situation here, where a defendant is answering the *original* complaint.  *General*

---

[29] In his briefing, Lopez provides me with an "overview of the standard of review" for motions to dismiss, because "CCFD patently fails to understand the wording of *Iqbal* and *Twombly*." ECF No. 36 at 3.  Lopez accuses the defendants of "misrepresenting" the law in an "audacious display [sic] intellectual dishonesty." *Id.*  But Lopez is the one who misapprehends the standard.  He contends that "factual allegations are not judged by a 'threadbare' standard. They are automatically accepted as true at this stage of the proceedings."  As I explain below, this is incorrect.

[30] *Iqbal*, 556 U.S. at 686.

[31] *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 970 (9th Cir. 2009).

[32] *Williams v. Harrington*, 511 F. App'x 669 (9th Cir. 2013); *see also Blantz v. California Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs.*, 727 F.3d 917, 926–27 (9th Cir. 2013) (holding that simply alleging "[o]n information and belief" that an act was carried out "at the direction of defendants" was a "[c]onclusory allegation" and thus "insufficient").

[33] *Gen. Mills, Inc. v. Kraft Foods Glob., Inc.*, 495 F.3d 1378, 1379 (Fed. Cir. 2007).

[34] Fed. R. Civ. P. 12(a)(4)(A).

1    *Mills* relied on a narrow interpretation of Rule 15(a) (the rule governing amended pleadings) to

2    hold that a motion to dismiss does not toll the deadline for filing an amended answer.[35]  The court

3    expressly rejected Lopez's argument, explaining that Rule 12(a)(4)(A) does indeed extend the

4    time to file an answer to an original complaint:

> Rule 12(a)(4) by its express terms [] alters . . . [the time period to file
> an answer to the *original* complaint]. . . . The period of time to answer
> an amended complaint is not only missing from this list of affected
> periods, but it is, in the relevant circumstances, of a different length.[36]

8    Lopez offers no authority suggesting that the deadline for responding to the original

9    complaint has passed in this case.[37]  The defendants therefore have 14 days from the filing of this

10   order to file their answer.  If Lopez files an amended complaint, the deadline set forth in Rule 15

11   will apply to the defendants' amended answer.  The defendants have not otherwise waived their

12   affirmative defenses.

### III.   CONCLUSION

14   IT IS THEREFORE ORDERED that the defendants' motion to dismiss **(ECF No. 16) is**

15   **GRANTED IN PART**.  Lopez's third cause of action for defamation, fourth cause of action for

16   intentional infliction of emotional distress, and eighth cause of action for civil conspiracy are

---

[35] *Gen. Mills, Inc.,* 495 F.3d at 1379.  The comments to Rule12(a) say that Rule 15 governs the "time within which to plead an amended pleading." Fed. R. Civ. P. 12.

[36] *Gen. Mills, Inc.,* 495 F.3d at 1379.

[37] Lopez offers no authority or argument suggesting that *General Mills*'s interpretation of Rule 15 could apply to the period in which to answer an original complaint under Rule 12.  I located a case from the 1970s that supports that position. *See Gerlach v. Michigan Bell Telephone Company*, 448 F. Supp. 1168 (E.D. Mich.1978).  But that case appears to have been overwhelmingly rejected across the nation.  The only recent cases addressing this issue that I located hold that Rule 12(a)(4)(a) tolls the deadline to file an answer as to all of the plaintiffs' claims, even if the defendant moves to dismiss only some of them. *See, e.g., Godlewski v. Affiliated Computer Servs., Inc.,* 210 F.R.D. 571, 572 (E.D. Va. 2002) (collecting cases); *Tingley Sys., Inc. v. CSC Consulting, Inc.*, 152 F. Supp. 2d 95, 122 (D. Mass. 2001) (noting that "[s]ince the issuance of the *Gerlach* decision, no court has relied on its reasoning or followed its ruling").  And this makes sense: Rule 12(a)(4)(A) says that the time to file the "answer" is tolled until 14 days after a court order denying a motion to dismiss.  This rule thus appears to toll the deadline for the answer as a whole; no language suggests that answers are meant to be treated piecemeal.

1    dismissed.  The motion is denied as to Lopez's first cause of action for invasion of privacy, as

2    explained above.

3           IT IS FURTHER ORDERED that Lopez is granted leave to amend his complaint.

4           IT IS FURTHER ORDERED that Lopez's countermotion to strike is DENIED in its

5    entirety.

6           DATED this 20th day of December, 2016.

7

8                                                   _____
                                                    ANDREW P. GORDON
9                                                   UNITED STATES DISTRICT JUDGE